JOHN BOUCK JR. *vs.* ELIZABETH D. BOUCK *et al.*

Submitted on briefs June 11, 1894.  Modified June 15, 1894.

No. 8868.

**Arbitration and award, in part bad.**

Where all the orders of an award in arbitration are to be performed by the same party, some of which are bad, and others well awarded, the fact that some of the orders are bad furnishes no good reason for holding the party discharged as to those which are well awarded.

**When the whole award must fail.**

It is only where the good and bad parts relate to different parties, the void part being the consideration for the thing awarded on the other side, that the whole award must fail.

**Judgment on the award.**

The judgment should conform to the award.

**Judgment erroneous which departs from the award.**

Hence, where the arbitrators awarded a party a sum of money payable in several annual installments, it is error to order judgment for the whole amount payable immediately.

Appeal by Elizabeth D. Bouck and John S. Bouck her husband, from a judgment of the District Court of Mille Lacs County, *D. B. Searle*, J., entered November 24, 1893.

On September 8, 1892, John Bouck, Jr., entered into an agreement with the appellants to submit to arbitration all demands between him and them and that judgment should be entered on the award. The three arbitrators chosen made their award October 27, 1892, and John Bouck, Jr. moved the court that the award be confirmed and

for judgment. Elizabeth D. Bouck and husband moved at the same time on affidavits to set aside and vacate the award. The court on September 5, 1893, ordered that the award be confirmed in so far as it awarded to John Bouck, Jr. $800 for services rendered by him, but set aside and vacated the part directing that this sum be secured by mortgage on her farm and the part awarding that the note to Henry Bouck be surrendered and not enforced. Upon this order the clerk entered judgment November 24, 1893, in favor of John Bouck, Jr. that he recover against Elizabeth D. Bouck and John S. Bouck, her husband, $859.11, being the amount of the award and interest. From this judgment they appeal.

*Bruckart & Brower*, for appellants.

*Geo. H. Reynolds*, for respondent.

MITCHELL, J. This appeal is from the judgment entered upon the award under what both parties assume and concede to have been a statutory submission to arbitration of all demands, of every name and nature, between plaintiff, on the one side, and the defendants, on the other. The award was as follows:

"We find that John Bouck shall be awarded the sum of eight hundred ($800) dollars for services rendered; said sum of money to be paid in four equal payments, of $200 each; the first payment to be made after this award is approved by the court, and two hundred ($200) dollars thereafter every year for three years; each payment to become due and payable twelve months after the other; said deferred payments to be secured by mortgage to be given by Elizabeth D. Bouck and John S. Bouck, her husband, upon that certain farm in Morrison county to John Bouck. We further make it a condition of this award that a certain note given by John Bouck to Henry Bouck, and now presumably held by Elizabeth D. Bouck and husband, shall be returned to John Bouck, and collection shall not be enforced. The deferred payments shall bear interest at the rate of eight per cent. per annum."

Upon the motion of the plaintiff for the confirmation of the award, and for judgment thereon, and the cross motion of the defendants to reject and vacate the award on the several statutory grounds, the court confirmed that part of the award which awarded plaintiff $800, but rejected and vacated those parts which required defendants to se-

cure the payment of the $800 by mortgage, and to return or surrender the note which they were supposed to hold against plaintiff, and then ordered that judgment be entered in favor of plaintiff, and against defendants, for $800, with interest from the date of the award.

It will be observed that all parts of this award are in favor of the plaintiff, and all its orders are to be performed by the defendants; and therefore, if some of these are good and some bad, the defendants can lose nothing by being relieved, as they were, from performance of the bad parts. The general rule is therefore applicable that "if the same party is required to do several things, and as to some of them the award is bad, on the ground of uncertainty, or because the arbitrators have exceeded their powers, this can furnish no good reason for holding the party discharged as to those things which are well awarded." It can only be "where the good and bad relate to different parties, and the void part of the award is the consideration or recompense of the thing awarded on the other side," that the whole award must fail. *Nichols* v. *Rensselaer Co. M. Ins. Co.,* 22 Wend. 125; *Gordon* v. *Tucker,* 6 Me. 247. If plaintiff was objecting, it might well be held that, if part of the award was bad, the whole should be held void, because he would not be receiving the full benefit intended; but, if he is content, it does not lie in the defendants' mouths to object that they have been relieved from performance of some of the orders of the award. There was therefore no error—at least none prejudicial to defendants—in vacating the other parts of the award, and confirming that which awarded plaintiff $800.

But the objection to the judgment is that it does not conform to the award. The award was for $800, payable in four equal installments,—one on the confirmation of the award; and the other three, yearly thereafter, with eight per cent. interest. The record contains nothing but the award. We do not know why the arbitrators made the $800 payable by installments. It might have been because the claim was not due or payable until the dates fixed. Presumably, the time for payment was given for some good legal reason, and constituted a material consideration in fixing the amount of the award; and for the court, under the circumstances, to order a judgment for $800, payable immediately, was practically to make a new award.

The judgment must be modified so as to make it payable by installments, in accordance with the terms of the award.

Cause remanded, with directions to modify the judgment accordingly.

(Opinion published 59 N. W. 547.)