The cause was argued at the last March term in this county by Smith for the plaintiff, and Fuller for the defendant; and being continued for advisement, the opinion of the Court was delivered at this term by
Sedgwick, J.
[After statingthe declaration and pleadings.] The defendant calls in question the validity of the award; and so far as respects the costs awarded, I think the award bad, because, by the submission, no power was given to the arbitrator for that purpose ; and without such power he has no authority to award costs. (1) But this forms no objection to the plea ; as well because no question, relative to the costs, is referred to the Court by the pleadings ; as because an award may be good in part and bad in part, provided the different matters in each be distinct and independent of each other. (2) With regard to the other sums awarded, I think the award good.
That a liberal construction should be given to awards, is now universally agreed. This award is perfectly intelligible, and is, I think, mutual and final. It has been frequently determined that where an award has directed money to be paid, or an act to be done, by one of the parties only, it is sufficient if the award appears to be made de et super prcemissis. (3) The reason is, that in such a case, a performance on one part will operate as a release on the other. Now, the expression of and. concerning the premises has no peculiar effect more than any other expression of the same meaning ; and I think that the arbitrator, when he says, as in this case, that after examining all the business referred to him, he makes his award, expresses * his intention that it shall be a final decision of the subjects referred to him, as clearly as he would have done, if he had expressed his award to be *334 made of and concerning the premises. Nor in any view is the objection, as to the uncertainty in relation to the deeds, of any avail; because that part of the award is not, by the pleadings, referred to the Court.
The question then occurs, whether the defendant has shown, by this plea, a good bar to the plaintiff's demand. He sets forth the award according to its tenor, by which it appears that the arbitrator awarded three several sums of money to be paid by the defendant ; and he then avers that, on the second day after the making of the award, he paid those several sums of money to Powers, one of the parties, who, by the award, was undoubtedly entitled to receive them. If no sufficient answer can be given to these allegations, they surely must, as well in law as in common sense and common justice, bar the plaintiff; for it appears by the case of Veale vs. Warner, (4) reported in the excellent reports of Saunders, rendered still more valuable by the notes of Mr. Sergeant Williams, that when a man is sued on a bond, for not performing an award, the defendant may, as was done in this case, set forth the award, and plead performance of it; or he may plead nul agard, and leave it to the plaintiff to set it forth. The defendant has elected the former method, and has alleged an exact performance. This presents the last question in the case — Has the plaintiff avoided the defendant’s plea by his replication ?
The plaintiff says, in his replication, that having a deed from Powers to act for him in the premises, and to settle all accounts, debts, dues, and demands, relating to the business of the partnership ; before the tenth of July, when the money was paid, that is, on the eighth day of July, the day the award was made, he, the plaintiff, demanded of the defendant the sum of 526 dollars 41 cents, the sum first mentioned in the award, which sum the defendant then and * there wholly neglected and refused to pay. But he does not deny (except by protestando, which can have no effect to that purpose) that the money was afterwards paid, as set forth in the defendant’s plea in bar.
That the letter of attorney can have no effect is manifest; because it is not alleged that the defendant, when the money was paid, had notice that any such power existed; and de non apparentibus et non existentibus eadem est lex. But the power itself, as alleged in the replication, and as appears upon the oyer of it, does neither authorize Peters to receive the money of the company to his own use, nor restrain Powers from receiving it. It might have given a very different complexion to the transaction, if the letter of attor *335 ney had contained an assignment of the company’s choses in action to the sole use of the plaintiff, and if the defendant, at the time of the payment to Powers, had known its contents.
I will now observe, that I think that from the pleadings we are to take it for granted that the payment was made to Powers on the tenth day of July. It is so alleged by the defendant; and although the precise day alleged is not generally material, nor necessary to be proved, yet as the plaintiff, in his replication, has alleged his demand before the said tenth day of July, that day is admitted to be the day when payment was made to Powers. How then are the facts ? — On the eighth of July, the arbitrator awards, so far as respects the subject before us, 526 dollars 41 cents to be paid to Peters and Powers, and no time is fixed for the payment. It ought to be paid in a reasonable time; and a payment to either would undoubtedly be good. Instantly after the award is made, the payment is demanded; and within two days after, and before the commencement of the suit, it is made. The money is advanced by the one and received by the other; for this is included in payment. There can be no doubt that such payment is a discharge.

Replication adjudged had

 Willes’ Rep. 62, Candler vs. Fuller.

 Ibid. 64.

 Com. Rep. 330, Tomlinson vs. Arriskin. — 1 Wils. 28, 58, Cayhill vs. Fitzgerald .—2 Wils. 267, Fox vs. Smith. •— 1 Burr. 274, Hawkins vs. Colclough. — 1 L. Rayvr. 246 Bacon vs. Dubarry.

 1 Saund. 324.