IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF NEW-YORK,

IN MAY TERM, 1817, IN THE FORTY-FIRST YEAR OF OUR INDEPENDENCE.

---

## STRANG *against* FERGUSON.

THIS was an action of debt on an arbitration bond, containing a general submission " of all and all manner of action and actions, cause and causes of action, &c. quarrels, controversies, &c. at any time heretofore had, &c. or depending by and between the said parties.". The arbitrators awarded the costs of two suits between the parties, to be paid by the defendant to the plaintiff, and "also, that the said *Ferguson* pay to the said *Strang* all the legal costs of the arbitration between the said parties, inclusive of the charges of the arbitrators for their services." The defendant admitted his liability for the costs of suit mentioned in the award, but contended that he was not liable for the expenses of the arbitration, that being a matter not submitted to the arbitrators.

The case was submitted to the court without argument.

*Per Curiam.* The only question in this case is, whether the arbitrators had any authority to award concerning the costs of the arbitration. The submission is general; no express authority is given on the subject of costs. It is said by *Kyd*, in his *Treatise on Awards*, (p. 100,) that an opinion long prevailed, that

*Under a general submission, in which there is no mention of the costs of the arbitration, the arbitrators may, notwithstanding, award as to those costs.*

VOL. XIV.                    X

NEW-YORK,
May, 1817.

VELIE
v
MYERS.

under a submission in the common form, arbitrators had no power with respect to the costs of the arbitration, because they were something that had arisen since the time of the submission ; and many old cases are referred to in support of that principle. It seems, however, to be now determined, that the power of awarding the costs of the arbitration, is necessarily incident to the authority contained in the general submission of the matters in dispute. (2 *Term Rep.* 644.) The plaintiff is, therefore, entitled to judgment for 71 dollars and 20 cents, pursuant to the stipulation in the case.

Judgment for the plaintiff.