## JACOB THRASHER *vs.* DAVID HAYNES, jun.

A submission of all demands does not embrace demands which arise between the date of the submission and the time of the award.
Where a gross sum is awarded, and it appear that the award was founded in part upon matters not submitted, the whole award will be held void.

DEBT on a bond, dated January 13, 1819. The defendant craved oyer of the bond and the condition, and it appeared that the bond was by its condition to be void, if one *Eastman* should perform an award to be made between him and the said *Thrasher*.

The defendant, among other things, pleaded, that the submission was a submission of all demands existing between the said *Eastman* and *Thrasher*; that a gross sum was awarded to be paid by *Eastman*, and that the award embraced a note made by *Eastman*, and payable to one *T. S. Thrasher*, for $128, dated in March, 1818, which note did not become the property of the said *Jacob Thrasher* until after the agreement to submit the demands existing between the parties was made; and the pleadings ended in an issue, whether the award embraced the said note.

The cause was tried here at February term, 1821, when the abovementioned issue was found in favor of the defendant. The verdict was however taken, subject to the opinion of the court upon the case.

*Sullivan*, for the plaintiff.

*Cutts* and *I. Bartlett*, for the defendant.

WOODBURY, J. A submission of all matters in dispute, or of all demands, embraces only such demands and disputes as exist between the parties at the date of the submission. This is the fair construction of the language of the submission, and accords with the nature of the transaction; and it is the rule of the civil as well as of the common law.(1)

It is clear then, that the arbitrators in this case ought not to have considered the rule mentioned in the plea as submitted to their decision.

But is the award for this cause void? In some cases, where an award embraces matters not submitted, if the different matters considered and decided by the arbitrators are set out separately in the award, the award is held to be

(1) Kyd on Awards 141.

void only as to the matters not submitted. 2 *Saund.* 293, *Pope vs. Brett.*—2 *Mod. Rep.* 309, *Hill vs. Thorn.*—*Yelv.* 98.—12 *Mod.* 534, 585.—2 *Wilson* 268, *Fox vs. Smith.*—*Cro. James* 663.—8 *East* 450.—7 *ditto* 85.—14 *John.* 108.—13 *ditto* 268.

But where matters not submitted are considered by the arbitrators, and a gross sum is awarded, the whole award is void. 12 *Mod. Rep.* 587, *Lee vs. Elkins.*—8 *Mass. Rep.* 399, *Peters vs. Pierce.*—*Cro. Eliz.* 432, *Samon vs. Pitt.*—*Kyd on Awards* 249.

In the case now before us a gross sum is awarded; and as it is found that the arbitrators grounded their award in part upon matters not submitted to them, the whole award is void. Judgment ought, therefore, to be rendered upon the verdict.