## WILLARD WALKER *vs.* AMBROSE MERRILL.

The parties, by an agreement under their hands, submitted to arbitrators all claims and demands between them. The arbitrators made and signed an award, directing one certain sum to be paid by the defendant to the plaintiff in full of all demands. By another paper of the same date, the arbitrators certified, that the sum awarded included a small specified sum for costs of the hearing, and that the remainder of the amount awarded was for the balance due in full of all demands. Both the award and certificate were notified to the parties at the same time. *Held,* in an action on the award, that the plaintiff was entitled to recover the amount of the balance thus certified to be due; but that he could not recover the costs.

THIS was an action of debt upon an arbitration bond. The parties agreed on a statement of facts; and further agreed, that

the Court should draw any inferences from the facts agreed, which a jury might reasonably infer from them. From the statement, it appeared that the parties agreed, by a sealed instrument, to submit to arbitrators all claims, which they had against each other ; the claims for and against *Merrill & Higgins* to be considered, as *Merrill's* own. And they further agreed, that the costs of former cross actions between them should also be taken into consideration by the arbitrators, but the submission was entirely silent in relation to costs of the reference. They mutually agreed to pay any sum awarded against them, forthwith as soon as the award should be made known to the party against whom it was made.

The arbitrators made out and signed an award, that the plaintiff should recover of the defendant fifty-five dollars and thirty-three cents in full of all claims and demands aforesaid. In this award, dated *Sept.* 9, 1834, there is no mention of costs. Afterwards, on the same day the arbitrators made and signed, another writing certifying, that of the said sum of $55,33, the sum of $7,78, were for costs and expenses of the reference, and $47,55 were for debt and costs of the former suit.

Both the papers were shewn to the parties, and before the commencement of this suit, the plaintiff demanded of the defendant the sum of $47,55.

*Randall*, for the plaintiff.

1. The plaintiff claims judgment for the full amount. No affidavits, or testimony of the arbitrators are admissible to vary, or impeach an award under their hands ; nor can an award, regular on its face, be in any mode impeached, or inquired into, except for misbehaviour or corrupt conduct of the arbitrators. If arbitrators exceed their powers, the excess must appear on the face of the award. 1 *Dane's Ab.* 127 ; The leading case is *Newland* v. *Douglas*, 2 *Johns. R.* 62, confirmed in *Barlow* v. *Todd*, 3 *Johns. R.* 363. In our own State, the Court have sanctioned the principal positions stated above. *North Yarmouth* v. *Cumberland*, 6 *Greenl.* 21. Where the reference is in any way under the control of the Court, so that the report can be recommitted, the Courts have adopted different rules from those acted

upon in common law awards, where no recommitment can be made.

2. The paper accompanying the award is no evidence in the case, and should be wholly rejected. 5 *Pick.* 291; 3 *Greenl.* 85; *Henfree* v. *Bromley*, 6 *East*, 309.

3. But if the paper is admissible, it shews how much is debt, and how much costs of reference. It is good then for all but the costs, for where an award is good for part, but not for the whole, judgment will be rendered for so much, as is good. *Addison* v. *Grey*, 2 *Wilson*, 293; *Willes' R.* 64; *Same*, 253; 2 *Bos. & Pul.* 371; 3 *East*, 18; *Gordon* v. *Tucker*, 6 *Greenl.* 247.

If the paper is not admissible, then the award is good for the whole; if it be admissible, it separates the costs of reference from the rest, and then we are entitled to judgment for all but the costs of reference.

*Groton* and *Tallman*, for the defendant.

The action is founded on the award; and if that is duly made, the action may be supported; but if not made according to the submission and within the power given in the submission, the action must fail. A fatal objection is, that the arbitrators have included in their award, in one gross sum, the costs of the reference, to which they had no authority. Where they award two distinct, separate sums, and have authority, as to one, and none, as to the other, the action may be maintained for the sum awarded within the submission; but where it is in one sum, there can be no separation, and the award is wholly void. *Gordon* v. *Tucker*, 6 *Greenl.* 247; *Thrasher* v. *Haynes*, 2 *N. H. Repts.* 429.

The paper signed afterwards is admissible to shew, that the referees exceeded their authority. *Bean* v. *Farnham*, 6 *Pick.* 269. But it cannot be taken as part of the award. When the referees had once made up and signed the award, they had no power over it, any more than mere strangers. *Woodbury* v. *Northy*, 3 *Greenl.* 85. Even a Court of Equity either enforces an award, as it is made, and as it appears on its face, or sets it wholly aside. 11 *Wheaton*, 446. The well settled rule is this, where the award is entire, or an entire sum is awarded to be paid, if the arbitrators have exceeded their authority in any part,

the award is void, and cannot be enforced. *Peters v. Pierce,* 8 *Mass. R.* 398 ; 5 *East,* 139 ; *Watson on Awards,* 161 ; 1 *Wash. Cir. C. R.* 56 ; 7 *Serg. & Rawle,* 230 ; 1 *Dane's Abr.* 272.

The opinion of the Court, after a continuance for advisement, was drawn up by

EMERY. J. — The suit is an action of debt arising on an award of arbitrators. By the submission, which was under seal, the parties agreed to submit all claims and demands of each against the other, and also all claims of *Merrill & Higgins* against *Walker,* and all claims of *Walker* against *Merrill & Higgins,* and each covenanted to abide by and perform the award and pay the other whatever sum may be awarded as soon as said award shall be made known to him. And it is further agreed that the costs incurred in the late cross suits of the parties shall be taken into consideration, and awarded according to equity. The defendant objects to the right of the plaintiff to maintain this action upon the award, because although it was first made for $55,33, and below that award which was in full of all claims and demands aforesaid, of every name and nature, is the following : " The undersigned, appointed referees or arbitrators to settle all claims between *Willard Walker* and *Ambrose Merrill,* hereby certify that in their award made this ninth day of *September,* 1834, awarding to said *Walker* to recover the sum of fifty-five dollars and thirty-three cents, in full of all claims and demands, we have awarded seven dollars and seventy-eight cents only for costs and expenses of said reference, and forty-seven dollars and fifty-five cents debt and costs of former suit of said *Walker* against said *Merrill,"* which as well as the award is signed by all the arbitrators. It is insisted that they have included in the award costs, which was not authorised by the submission, and that the award is void. It is also objected, that the arbitrators could not make any explanatory statement, or correct errors, and that the Court cannot perform the office for them. That even a Court of Equity enforces an award or sets it aside, and that if the bad part of the award be not distinct and independent of the rest of the award, the award is bad in the whole.

We are to regard principally the intention of the parties in the

interpretation of submissions, and put upon them a fair and liberal construction. And a like favorable consideration is to be extended to the award.

There is no limitation to a particular day in the submission within which the award is to be made, but the arbitrators are to decide as soon as may be. It is not that it shall be ready to be delivered in writing to the parties, but the stipulation is to pay whatever sum may be awarded as soon as the award shall be made known to him who is to be charged. And there is nothing in the statement of facts which compels us to the conclusion, that there was any award made known to the parties, but what has been termed the award and the explanatory award. They bear date on the same day, and the explanation was shewn to the defendant, and there is no agreement in the statement of facts that the other award was first shewn to him. We are authorised by the parties to infer any further facts from those agreed that a jury might reasonably infer. It would reasonably be inferred that the arbitrators, to prevent misapprehension of the amount in which they had attempted to charge the defendant, were desirous of setting out how much was for costs of reference, which they had not been expressly authorised to award, and how much for debt and costs of a former suit, which they were by the submission authorised to make.

We think there is much good sense in the ideas suggested in the *New York* case of *Strong* v. *Ferguson,* 14 *Johns.* 161, that costs may be awarded as a necessary incident to the authority. Yet this subject was settled in the case of *Gordon* v. *Tucker,* 6 *Greenl.* 247, that the costs of reference cannot legally be allowed. To this extent there is displayed an excess of authority. But the whole of the award is not void. We can well separate that part. We are satisfied that the plaintiff is entitled to sustain his action. And according to the agreement of the parties the defendant is to be defaulted, and judgment rendered for the plaintiff, for forty-seven dollars, fifty-five cents, debt, with interest thereon from the date of the writ.