## CHASE *vs.* STRAIN.

The power of awarding the costs of arbitration is incident to the authority of the arbitrator to determine the principal matter submitted, unless by the terms of the submission that power is clearly withheld.

An award may be void in part and valid as to the residue.

If a gross sum be awarded, and it appears that the award was founded in part upon matters not submitted, the whole award is void.

But where the award embraces some matters that are within the submission and

---

Chase *v.* Strain.

---

others that are not, and they are distinguishable from one another, and the sum awarded to be paid upon each consideration is stated in the award, it will be valid as to the matters embraced in the submission and the sums awarded to be paid thereon, and void only for the residue.

When an authority is given to an arbitrator " to settle the value" of certain labor performed by one party for the other, an award determining said value, and also expressly awarding the payment thereof, is valid.

When the authority conferred upon the arbitrator was, " to settle the value of work done on said S.'s house in November, 1837, which is the subject of a suit now pending before I. A., esquire, in favor of said C. vs. said S. and one W.," and the arbitrator awarded that " said S. should pay to said C. the sum of $15.16, being the value of the work done as aforesaid, and also interest thereon, and five dollars and thirty-two cents costs, being one dollar for the arbitrator's fees and four dollars and thirty-two cents for costs accumulated before said I. A.," it was *held* that the award was valid as to the value of the work done and the payment thereof, and as to the costs of the reference, and void in the other particulars of it.

A set-off is in the nature of a cross action, and is one of the forms of legal remedy provided by the statutes of this State.

A party cannot avail himself of the same matter in set-off, in two separate actions pending against him, at the same time.

ASSUMPSIT on an award.

This case was submitted upon an agreed statement of facts. The award declared on was as follows, viz: " I, James Dow, being called upon by Edward Strain and William D. Chase to settle the value of work done on said Strain's house in November, 1837, which is the subject of a suit now pending before Isaac Abbott, esquire, in favor of said Chase against said Strain and William Rigney, do award that said Edward Strain pay said William D. Chase the sum of fifteen dollars and sixteen cents, being the value of the work done as aforesaid, and also interest thereon, and five dollars and thirty-two cents costs, being one dollar for my fees, and four dollars and thirty-two cents accumulated before said justice. James Dow.

Littleton, October 2, 1841."

Strain, on said second day of October, 1841, was notified of said award and requested to pay the same.

The plea was the general issue, and a notice of set-off was filed. The set-off was a judgment rendered by the court of com-

mon pleas, May term, 1841, in favor of the defendant against the plaintiff.

The award was made in pursuance of a submission between the said Chase and the said Strain, such as is above recited by the arbitrator in the award.

The aforesaid judgment had been previously filed in set-off in the action, William D. Chase, appellee, *vs.* Edward Strain, appellant, then pending in the court of common pleas, and judgment was claimed in this case for the amount of it, excepting one dollar and twenty-five cents, which was by the terms of the set-off retained as a set-off in that case.

Judgment is to be rendered according to the opinion of this court upon the foregoing case.

*Ainsworth*, for the plaintiff. The amount of the judgment filed in set-off is less than the award. But we contend that no part of it can be allowed, for the reason that it is pending in another action in the same court. Set-off is in the nature of a cross action.

Another action pending abates a subsequent suit for the same cause. Discontinuing the first action cannot avoid that result. Set-off is in the nature of a suit pending, and must abide the result of it. The judgment filed in set-off is an entire matter, and cannot be divided.

*Bellows*, for the defendant. A single question was submitted to the determination of the arbitrator, and that was the value of the work.

The arbitrator exceeded his authority in awarding against the defendant the payment of a sum for costs of the action pending before Abbott, and interest on the value of the work, and the costs of reference. He was authorized merely to find the value of the work done, and that did not embrace the authority to award the *payment* of any sum. We would refer to the following authorities as maintaining the positions assumed. *Appleton* vs. *Crowninshield*, 8 *Mass. Rep.* 340; *Gordon* vs. *Tucker*, 6

Chase *v.* Strain.

*Greenl.* 247 ; *Walker* vs. *Merrill*, 1 *Shepley Rep.* 173 ; *Townsend* vs. *Carman*, 6 *Cowen* 696.

WOODS, J. The authority conferred upon the arbitrator, as recited in the award by him, was " to settle the value of the work down on said Strain's house in November, 1837, which is the subject of a suit now pending before Isaac Abbott, Esquire, in favor of said Chase against said Strain and one William Rigney."

And the arbitrator awarded that Strain should pay to Chase the sum of $15.16, " being the value of the work done as aforesaid, and also *interest* thereon, and five dollars and thirty-two cents costs, being one dollar for the arbitrator's fees, and four dollars and thirty-two cents for costs accumulated before said Abbott."

It is contended that the arbitrator exceeded his authority, that the award does not pursue the submission, and is therefore void.

The first question is, does the award pursue the submission ? It is certainly clear, that, by the terms of the submission, it was not intended to submit the costs of the suit before Abbott, or to confer the power upon the arbitrator to award interest upon such sum as might be found due to the plaintiff as the value of the work done. The submission embraced the determination of the value of the plaintiff's labor; and of whatever might be legally incident to such finding. The costs of the suit were a substantial and distinct matter, and in no way involved in the question of the value of the work done. The award then was clearly void so far as regards the costs of the suit and the interest awarded upon the value of the labor. So far the arbitrator exceeded his authority.

And it is farther contended that the award is void also, for the reason that the payment of the value of the labor thus ascertained is expressly awarded, that the arbitrator had no power to do more that find and determine the fact of the amount due the defendant, and was not authorized to direct the payment of it. But we think that a too limited construction of the power conferred by the submission. Had the award gone no farther in its terms than to find the amount justly due to the plaintiff, it seems to us

that there could be no doubt that the law would imply a duty, and attach a liability to pay; and it would be altogether unreasonable, and not in accordance with the analogies of the law, to hold that the arbitrator had exceeded his authority, in awarding expressly that the defendant should do what the law would impose as a duty, and attach the obligation to perform, upon the mere determination of the amount due by the award.

The award, in this particular, if literally beyond the submission, is not substantially so, and is therefore valid. *Kyd on Awards* 165, 179. Nor did the arbitrator exceed his authority in awarding the costs of reference.

It is to be regarded now as settled in this State, that the power of awarding the costs of arbitration is necessarily incident to the authority conferred on the arbitrator of determining the principal matter submitted, unless, by the terms of the submission, the power is clearly withheld. It was so decided in *Joy* vs. *Simpson*, 2 *N. H. Rep.* 179, and we discover no sufficient reason for disturbing that decision, or doubting its correctness.

But another question arising in this case, is, whether, if an award be void in part it is void in whole. It is said in *Kyd on Awards* 170, (*Dublin Ed.* 1791,) "if one entire act awarded to be done on one side comprehend several things, for some of which it would be good, and for others not, the award is bad for the whole, because the act cannot be divided. As, if an aggregate sum be awarded to be paid to one of the parties, for considerations expressed in the award, some of which are within the submission, and others out of it, this is void for the whole, because it is impossible to distinguish how much was intended for the considerations" within the submission. And it is laid down in the same book, that " if that part of the award which is void be so connected with the rest as to affect the justice of the case between the parties, the award is void for the whole."

And in *Thrasher* vs. *Haynes*, 2 *N. H. Rep.* 429, it is holden, that when a gross sum is awarded, and it appears that the award was founded in part upon matters not submitted, the whole award is void. See also *Samon* vs. *Pitt, Cro. Eliz.* 432, *and* 12 *Mod. Rep.* 587, *Lee* vs. *Elkins*, referred to in that opinion.

In the same case of *Thrasher* vs. *Haynes*, it is also said, that when an award embraces matters not submitted, if the different matters considered and decided by the arbitrators are set out separately in the award, the award is held to be void only as to the matters not submitted. And many cases are collected and cited in the case sustaining this doctrine. *Peters* vs. *Peirce*, 8 *Mass. Rep.* 398, in the most explicit terms recognizes the same principle stated in *Thrasher* vs. *Haynes*. It is there said, that " an award may be good in part and bad in part, provided the different matters in each be distinct and independent of each other." The same principle is decided in *Gordon* vs. *Tucker*, 6 *Greenl. Rep.* 247. The same principle is laid down in *Kyd on Awards*, above cited. So also in *Walker* vs. *Merrill*, 1 *Shepley Rep.* 173. And it appears to us to be the established doctrine, and to be founded in good reason,—the promotion of justice. The case before us falls within the principle last laid down.

The award embraces matters that are within the submission, and others not falling within its scope. But those matters are distinguishable from one another, and so are the sums awarded to be paid upon each consideration stated in the award.

The award is then valid, so far as concerns the value of the work done, and the payment thereof, and as to costs of the reference, and void in the other particulars of it.

A farther question arises as to the set-off. Can the defendant avail himself of it under the circumstances presented by the case ?

It was filed in another suit pending before and at the time of filing it in the present action. A set-off is in the nature of a cross action. 1 *Chitty's Pl.* (*8th Amer. ed.,*) 570. The subject matter of it is as much a matter of legal controversy as if an action were commenced and founded thereon.

Set-off is one of the powers of remedy provided by our statutes. The defendant had in this way elected his remedy, and entitled himself to have so much of his set-off as was sufficient to balance the plaintiff's claim, go in discharge of it, and for any farther sum that might be found due to him he was entitled to judgment. This is in accordance with the provisions of our statute upon the subject of set-off. (*N. H. Laws*, 80.) In this

way the remedy sought by the defendant in the first action was perfect, and was the only mode of remedy to which he was entitled, so long as the set-off remained the subject of litigation in the first action, and was not wholly withdrawn. The law does not allow the pendency of two or more actions, in the same jurisdiction, at the same time, for the same cause. It tolerates no such vexatious and unnecessary proceedings. The pendency of the action first commenced, abates the subsequent one. So if two or more are commenced at the same time, each may be pleaded in abatement of the other, or the court may, in its discretion, quash them on motion. *Davis* vs. *Dunklee*, 9 *N. H. Rep.* 545. So in this State, the law does not allow a defendant to file the same set-off in two separate actions pending against him at the same time. He must elect in which action he will file it, and having so done he cannot be allowed at the same time to avail himself of it in another suit.

We are of opinion that the set-off was not properly filed in this suit. The pendency of the former action in which it was involved operated to defeat the set-off in the present one.

Judgment must therefore be entered for the plaintiff, for the amount of the sums awarded upon those matters which were embraced within the submission.

*Judgment for the plaintiff.*