## JOHN VOSE *vs.* PHINEAS HOW.

When a matter, not pending in court, is submitted to arbitration, by an agreement *in pais*, and not pursuant to the Rev. Sts. *c.* 114, and no provision concerning costs is made in the agreement, the arbitrators have no authority, by the common law, or by the revised statutes, to award costs of arbitration.

DEBT on an award. At the trial in the court of common pleas, before *Wells*, C. J. the plaintiff gave evidence that he and the defendant submitted a matter in dispute between them to the arbitration of two men. This submission was not made before a justice of the peace, under the Rev. Sts. *c.* 114, but was in the following form: " We the subscribers, John Vose, jr. and Phineas How, do hereby promise and agree to refer to [two persons named] all matters of dispute in reference to a contract or bargain of said How to purchase of said Vose a receipt to make composition for glazed hats, and that we will abide their decision. Phineas How,

Haverhill, March 7th 1845. John Vose, jr."

The plaintiff also gave in evidence the award of said arbitrators, the conclusion of which was thus: " We therefore do determine and award that said Phineas How pay to the said John Vose, jr. the sum of one hundred fourteen dollars and eighty cents, and the costs of this reference, taxed at eighteen dollars and forty two cents."

The defendant contended that the arbitrators had no author-.ty, under the above submission, to award the costs of arbitration. But the judge ruled otherwise, and a verdict was returned for the plaintiff for the full amount of the award, including the costs. The defendant filed exceptions to the judge's ruling.

*J. G. Abbott*, for the defendant, cited and relied on *Peters* v. *Peirce*, 8 Mass. 398.

*Nelson*, for the plaintiff. The common law, upon which *Peters* v. *Peirce* was decided, has been altered by the Rev. Sts. *c.* 114, § 12, which enact, that "if there is no provision in the submission, concerning the costs of the proceedings

the arbitrators may make such award respecting the costs as they shall judge reasonable, including therein a compensation for their own services." By Rev. Sts. *c.* 121, § 21, it is provided that " nothing contained in this chapter shall take away or control the power of arbitrators or referees, appointed by a rule of court *or otherwise,* from making such award concerning costs as justice and equity shall require." It was on this provision that the judge below founded his ruling.

*Abbott,* in reply. The provision cited from Rev. Sts. *c.* 114, § 12, applies only to submissions before a justice of the peace. That whole chapter relates exclusively to such submissions, and the awards under them. And Rev. Sts. *c.* 121, § 21, confer no new power on arbitrators, but merely save to them the power of awarding full costs, if they deem them just, when they have authority to award costs at all, instead of confining them, as the courts are confined by that chapter, to costs amounting only to one quarter of the debt or damage.

SHAW, C. J. The single question in this case is, whether un der an agreement of arbitrament at common law, not entered into before a magistrate, pursuant to the Rev. Sts. *c.* 114, the arbitrator has authority, without some provision to that effect in the instrument of submission, to award costs of arbitration. There are conflicting authorities ; and if the question were one of practical importance, it would be useful to go into a full review of them. By the common law of England, we think it clearly settled, that arbitrators have not that power.

Under a rule of court, the matter is regulated by the rule, founded as here, on the consent of parties. So all matters in difference may include costs of a cause pending. But the question is, of a submission *in pais* when there is no cause pending.

At one time it was considered that an authority to award on the subject of costs did not include costs of arbitration, but only costs of court. *Bradley* v. *Tunstow,* 1 Bos. & Pul. 34. Afterwards it was held to include costs of reference. *Wood* v. *O'Kelly,* 9 East, 436.

But the question is, when no authority is given in regard

to costs, and when no cause is pending, as to the costs of arbitration. Instead of citing the authorities, we will refer to the two most recent digests of good reputation. 2 Petersd. Ab. 254. 1 Steph. Nisi Prius, 148. We think the law in Massachusetts, in this respect, has followed the law of Eng-.and. *Peters* v. *Peirce*, 8 Mass. 398.

We are aware that a different rule has prevailed in several of the other States. Perhaps it arose at first from not considering the distinction between costs of the cause pending, which are matters in difference, and costs of the arbitration. The case of *Roe* v. *Doe*, 2 T. R. 644, is sometimes cited to support the general proposition that an arbitrator may award costs without any express authority. And the marginal note, and perhaps the report itself, being very brief, countenances that proposition. But this case is commonly cited to mark the distinction between the authority of the arbitrator over the costs of the cause and the costs of the arbitration. *Candler* v. *Fuller*, Willes, 62, and the note, on page 64, of Mr. Durnford, one of the reporters of *Roe* v. *Doe*, citing that case. This was the authority relied on in the early case, in New York, of *Strang* v. *Ferguson*, 14 Johns. 161. The decision in *Alling* v. *Munson*, 2 Connect. 691, was not by a unanimous opinion, and was founded mainly on the ancient usage in the State of Connecticut. Such also is the usage in New Hampshire. *Spofford* v. *Spofford*, 10 N. Hamp. 254.

Notwithstanding the weight of these authorities, this court are disposed to abide by the rule, as they believe it has been judicially settled in this Commonwealth, that without special authority, arbitrators under an agreement *in pais*, where no cause is pending, have no power to award costs of arbitration. The court in Maine had this question before them, in 1830, and they adhered to the decision made here in *Peters* v. *Peirce*, while Maine was a part of this State. *Gordon* v. *Tucker*, 6 Greenl. 247.

Indeed, the learned counsel for the plaintiff seemed to consider it as settled, by the judicial decisions, that such was the law in this State, but supposed it altered, in this respect, by

21 *

the revised statutes, and he relied upon two provisions. *First*, Rev. Sts. c. 114, § 12. But that provision is limited to powers of arbitrators, under a rule entered into before a justice of the peace, and does not affect the present question. *Second*, the Rev. Sts. c. 121, § 21, in a saving clause, in a chapter regulating costs in law and equity, provide that nothing contained therein shall take away or control the power of arbitrators or referees, appointed by rule of court or otherwise, from making such award concerning costs, as justice and equity shall require. This grants no new power to arbitrators, but was intended simply to prevent the other provisions in that chapter from restraining arbitrators and referees from awarding costs in cases where, by law or the terms of the submission, they had the power, under other provisions of the common law, or any statute. We think neither of these provisions had the effect to alter the law on this subject.

*New trial granted.*