AZOR MAYNARD *vs.* JABEZ FREDERICK.

It is no ground for setting aside an award, that the arbitrators did not examine the witnesses under oath; especially when no objection was made at the time to the manner of examination.

Arbitrators, who are authorized by the submission to inquire into all matters arising out of the trade and dealing of the parties, without restriction as to time, may go behind a receipt given by one of the parties to the other, and look into the settlement on which the receipt was founded.

A submission to arbitrators having provided, that the award to be made up by the arbitrators, or by a majority of them, should be final and binding upon both parties; two of the arbitrators, at a regular meeting for the purpose, at which all three were present, agreed upon an award, which was then drawn up and signed by one of them; the other took time to deliberate, and afterwards signed it; but the third refused to agree to the award, and never signed it. It was held, that the award was valid.

Arbitrators have no power to award costs, unless authorized by the submission.

When arbitrators, not authorized by the submission to award costs, make an award that one party pay the other a certain sum of money, and an additional amount for costs of arbitration, the part awarding costs may be rejected, and the remainder stand good.

THIS was an action of covenant broken, on an award of arbitrators. The submission, which was under seal, bore date of the 8th of July, 1847, and was of all matters of difference arising out of the trade and dealings of the parties themselves

and with other persons, and provided, that the award so to be made up by the arbitrators, or by a majority of them, should be final and binding upon both parties, and should be in full settlement and discharge from one to the other, of and concerning and in respect to their said trade and dealings, from the commencement thereof to the date of the submission. The award of the arbitrators was that Maynard should recover of Frederick the sum of two hundred and twenty dollars and eighty seven cents, with interest from the date of the award, together with the costs of the reference, amounting to the sum of fifteen dollars, and that the same should be in full of all matters referred to them.

At the trial in the court of common pleas, before *Wells*, C. J., it was in evidence, that the witnesses before the arbitrators were not sworn, and did not testify under oath; that Lovejoy, one of the arbitrators, refused to agree to the award, and did not sign it, and that at the last meeting of the arbitrators, when they were all present, Lord, the chairman, drew up the award, and signed it; Lovejoy refused to sign it, and Whittier, the third arbitrator, then refused to sign it, alleging that Lovejoy's refusal made it necessary for him to give the subject more consideration. In a day or two afterwards, a messenger called, and asked him to go to Lord's. He went accordingly, and conversed with Lord about the award, and then signed it; Lovejoy not being present, or notified of the meeting. The chairman afterwards sent the award to Lovejoy, who again refused to sign it. The plaintiff, on his part, introduced evidence, that at the meeting above mentioned, two of the arbitrators agreed upon the award to be made, whereupon the chairman drew it up and signed it; that Lovejoy refused to sign it, and then Whittier said, that in consequence of this refusal, he would take time to consider, and the arbitrators separated; that upon reflection Whittier decided to sign it, and upon a request to go to Lord's place of business for this purpose, he went and did sign the award, in pursuance of his previous determination, and without being influenced by any suggestion then made; and that Lovejoy was not present, at this time. It also appeared that the arbitrators went behind a receipt,

given by one of the parties to the other, bearing date the 14th of April, 1847.

The defendant objected to the validity of the award: 1st. That the witnesses should have been sworn; 2d. That the award should have been agreed to and signed by all the arbitrators; 3d. That as Whittier signed it under the influence of Lord, at a meeting when Lovejoy was neither notified nor present, the award did not conform to the law, nor to the terms of the submission; 4th. That there was no sufficient evidence that the award was submitted to Lovejoy; and 5th. That the arbitrators exceeded their authority in going behind the receipt of April 14th, 1847.

The presiding judge overruled these objections and instructed the jury, that it was not necessary that the witnesses should be sworn; nor that the award should be agreed to and signed by all the arbitrators; and that to render the award binding, it was necessary that, at a regular meeting of the arbitrators, a majority should agree upon the award to be made; but if such an award was agreed upon, and then reduced to writing and signed by one of the assenting arbitrators, and the other, who had previously agreed to it, took some further time to reflect upon the subject, and after reflecting decided to adhere to his former determination, and then voluntarily, and without being influenced by any one, signed the award, the award would be valid, so far as this objection was concerned; that it was necessary that Lovejoy should have been notified to be present when the award was agreed upon, and it was for the jury to decide whether he was notified, or present, and had reasonable opportunity to assent or object to the award; and that the arbitrators had the right to go behind the receipt, if, in their opinion, it was necessary, in order to a just and equal settlement of the concerns of the parties.

The jury, under these instructions, returned a verdict for the plaintiff, and the defendant excepted.

The defendant objected further, in this court, that the arbitrators had awarded costs, which, by the submission, they were not authorized to do

*J. C. Park,* for the defendant.

*C. T. Russell,* for the plaintiff, was called upon to speak only to the point of costs.

Bigelow, J. This case comes before the court upon exceptions taken by the defendant to the ruling of the court of common pleas, on objections made at the trial to the award relied on by the plaintiff.

1. The first objection is, that the witnesses examined before the arbitrators were not sworn. It is well settled, that referees are not bound by the strict rules of law as to the admission of evidence. They may examine witnesses interested in the event of the suit, who would be incompetent in a court of law; and the reason given is, that arbitrators are the sole and exclusive judges both of law and fact. Watson on Arb. 75; *Fuller* v. *Wheelock,* 10 Pick. 135. And they may examine the witnesses either under oath or not at their discretion. It was long since adjudged, that it is no ground for setting aside an award, that the arbitrators did not examine the witnesses under oath; more especially, when no objection was made at the time by the parties to this mode of taking the testimony. Watson on Arb. 170; *Ridoat* v. *Pye,* 1 Bos. & Pul. 91; *Hall* v. *Lawrence,* 4 T. R. 589; *Fox* v. *Hazelton,* 10 Pick. 275; *Patten* v. *Hunnewell,* 8 Greenl. 19. Parties cannot be permitted to lie by, making no objection to the forms and mode of proceeding before the arbitrators, taking their chance for a favorable result, and when they find the award to be adverse, avail themselves of such grounds to get rid of it. In such cases silence is acquiescence, and amounts to a waiver of all objections to irregularities in the proceedings.

2. The second objection is, that the arbitrators exceeded the submission, because they went behind a receipt in full, which had passed between the parties on the 14th of April, 1847. The validity of this objection must depend on the terms of the submission. On looking into it, we find the agreement is to submit all matters arising out of the " trade and dealings " or " trade and business" of the parties, and " that the award shall be in full settlement and discharge from one to the other concerning and in respect to their said trade and dealings,

from the commencement thereof to the date of the submission." Now there can be no doubt that this language is sufficiently comprehensive to authorize the arbitrators to go behind the receipt and look into the settlement. There was no limit in the submission as to the time to which the arbitrators were to confine themselves in their investigation of the dealings between the parties. They were not restricted to matters arising subsequent to the date of the receipt. A receipt is not conclusive upon the parties. It might have been given by mistake, or obtained through fraud, or founded on errors in calculation; all this was open to the parties, and comes within the reasonable interpretation of the language of the submission. If the arbitrators had refused to go behind the receipt and look into the settlement upon which it was given, at the request of either of the parties, we think it would have afforded a much stronger reason for setting aside the award than the objection now taken by the defendant.

3. The next objection seems to us to be equally unfounded. It is, that there was no consultation among the arbitrators previous to making up the award. This position is not supported by the facts as reported in the bill of exceptions, and is negatived by the finding of the jury under the instructions of the court. The jury were distinctly instructed, that in order to render the award binding, it was necessary that, at a regular meeting of the arbitrators, a majority of them should agree upon the award. How then can it be said that there was no consultation? The jury have found, that there was a regular meeting of all the arbitrators, and that at such meeting the award was agreed to by a majority. This implies a consultation; all, certainly, that was necessary to give validity to the award. But it is said that the facts show, that when the arbitrators met, one of them refused to assent to or to sign the award. This does not vitiate it, if a majority had power to act; and after his absolute refusal to sign the award to which the other two had agreed, it was no longer necessary to consult or even meet with the dissenting arbitrator. *Carpenter* v. *Wood*, 1 Met. 409. It is further contended, that after the refusal of one of the arbitrators to sign the award,

Maynard *v.* Frederick.

one of the other two, who had previously.agreed to it, wished to take more time to think over the matter, and after a delay of two or three days signed the award, and that this shows there was no consultation among the arbitrators. We do not so regard it. He had agreed to the award at a regular meeting of all the arbitrators. There was no need of future consultation, unless he changed his mind. The whole matter was completed, except affixing his signature to the award. This was afterwards done, and has the same effect as if it had been done when all were present. We think, therefore, that the evidence shows a sufficient consultation, and that the instructions of the judge, and the finding of the jury on this point, are well warranted by the facts.

4. The fourth objection taken by the defendant is, that the award is signed and agreed to only by a majority, and that it should have been unanimous. This would have been a valid objection, but for the terms of the submission. *Towne* v. *Jaquith,* 6 Mass. 46. It is expressly agreed by the parties "that the award, so to be made up by said referees, or by a majority of them, should be final and binding upon both parties." The construction contended for by the defendant, "that it meant that a majority might sign and report the award, but that all must assent to it," seems to us to be unreasonable and without any foundation.

5. The only remaining objection is, that the arbitrators had no power to award costs. This objection is well taken. *Peters* v. *Peirce,* 8 Mass. 398 ; *Vose* v. *How,* 13 Met. 243. But this will not vitiate the award. It is well settled that when a part of an award is bad, and such part does not form a portion of the consideration for the performance of that part of the award which is valid, and is distinct and independent thereof, then the award is only void for so much, and is good for the rest. *Whitehead* v. *Firth,* 12 East, 165, 167 ; Kyd on Awards, (2d ed.) 245; *Strutt* v. *Rogers,* 7 Taunt. 213, 216; *Shirley* v. *Shattuck,* 4 Cush. 470. Such being the case here, and the costs being given in a separate amount, the plaintiff can remit on the record so much of the verdict as is equal to the amount of costs awarded, and thereupon the

*Exceptions must be overruled.*