HON. JOHN PIERPOINT, } ASSISTANT JUDGES.
HON. JAMES BARRETT,

---

BRADLEY MORRISON *v.* WALTER BUCHANAN and JOHN BUCHANAN.

*Arbitration and award. Power of arbitrators to award costs.*

An arbitrator has no power to award costs of arbitration except when it is expressly given him by the submission.

A submission to arbitrators of all controversies between M. and B., (such con-

20

Morrison *v.* Buchanan et al.

troversies being represented by suits between them, a part in favor of one, and a part in favor of the other,) provided that the parties should "abide the award of the arbitrators, and costs to be awarded to the parties who may succeed in said action, meaning all actions between the parties." *Held*, that this submission at most only authorized the arbitrators to award to either party so much of the costs of the reference as accrued upon the trial of the particular issues on which they respectively prevailed; and that the arbitrators having decided in favor of M. upon some of the issues and in favor of B. upon the others, they had no authority to award that B. should pay all the costs of arbitration, including the arbitrators' fees.

Under such a submission the arbitrators, after awarding to each of the parties respectively the costs already accrued in the actions in respect to which they prevailed, awarded "that B. pay the costs of the arbitration, and that we allow M.'s costs as taxed at thirty-eight dollars and nine cents," and said nothing in the body of the award about their own fees, and merely noted the amount of them at the end of the award. *Held*, that the arbitrators had made no award in regard to the payment of their fees, and that M. having paid the greater part of such fees, could not, in an action on the arbitration bond, recover of B. the amount so paid by him.

Debt upon a bond executed to the plaintiff by the defendants, and conditioned that the defendant, Walter Buchanan, should abide the submission made by him and the plaintiff to certain arbitrators of all matters in difference between them, and should keep the award of such arbitrators.

The submission contained an agreement by the parties to the arbitration "to abide the award of said arbitrators and cost to be awarded to the parties who may succeed in said action, meaning to include all manner of action and actions, cause or causes of action, suits, bills, bonds, specifications, covenants, contracts, promises, reckonings, sums of money, extents, quarrels, controversies, trespasses, damages and demands whatsoever, both in law and in equity at any time heretofore had, moved, brought, commenced, sued, prosecuted, done, suffered, or committed by or between the said parties, the said arbitrators to decide the said matters of dispute as shall seem to them to be in accordance with justice and equity, and to establish the head and fall of water and the height of dam and to assess damages to either party, if any."

The award of the arbitrators was as follows : "We do award and order that all actions, suits, quarrels and controversies whatsoever had, moved, arisen or depending between the said parties

in law or equity for any manner or cause whatsoever to the day
of the date hereof, shall cease and be no further prosecuted, and
that we establish the head and fall of said Buchanan's mill to be
six feet and eight inches, and that the dam be leveled to that
head and fall; and we further award that said Buchanan pay to
said Morrison the sum of five dollars as damages for the flowing
of said Morrison's land by the water of said Buchanan's mill
pond, and the sum of thirteen dollars and eighty-nine cents as
costs in the suit now pending in the county court for flowing
said Morrison's land, and the sum of seven dollars and sixty-
five cents costs in the chancery suit of *Buchanan* v. *Morrison
and others*, entered at the June Term of the Caledonia county
court; and we also award that said Buchanan pay the costs of
this arbitration, and that we allow the said Morrison's bill of
costs, as taxed, at the sum of thirty-eight dollars and nine cents,
making in all the sum of fifty-nine dollars and sixty three cents.
We award that said Buchanan recover of said Morrison his costs
in the suit of *Morrison* v. *Buchanan*, for assault and battery now
pending in the county court, taxed and allowed at six dollars and
five cents, to be deducted from said sum of fifty-nine dollars and
sixty-three cents, leaving the sum of fifty-three dollars and fifty-
eight cents to be paid by said Buchanan to said Morrison on
or before the 1st of January, 1858, and said dam to be leveled
to the pitch above directed on or before the 10th day of June
1858.   In witness whereof we have hereunto set our hands and
seals this 22d of October, 1857.

| | |
|---|---|
| J. W. Batchelder, time and expenses, | $32 00 |
| John Felch, | 25 00 |
| William Adams, | 25 00 " |

The cause was tried by the court at the December Term, 1858,
—POLAND, J., presiding.

The only question at issue was whether the plaintiff was enti-
tled to recover of the defendant the amount of the arbitrators'
fees.

The plaintiff offered parol evidence to prove the following
facts, which evidence was objected to by the defendant, but
admitted subject to exception by the defendant.   The parol evi-
dence proved that the arbitrators made and signed their award,

and taxed their own fees on the award at the foot of the same as above set forth, and that they designed and expected the same would be paid by the defendant, as part of the costs of the arbitration, the costs named in the body of the award being only the cost of the plaintiff's witnesses before the arbitrators. After the award was made and signed, and before it was published, the arbitrators called on the parties to pay their fees, saying it would make no difference which party advanced them. Neither the plaintiff nor the defendant had sufficient money to pay the whole, but it was finally arranged that the plaintiff should advance fifty dollars of the sum and the defendant thirty-two dollars, which was accordingly done, and thereupon the arbitrators published their award. It did not appear that it was then distinctly stated that the defendant was to pay the arbitrators' fees, but the court found from the evidence that it was so fully understood by all the parties at the time.

In rendering judgment, the court did not regard any of the facts proved by parol, except that the sum named in the body of the award, as the plaintiff's costs of the arbitration, included only the fees of his witnesses, and that the arbitrators' fees were taxed on the award as such, at the time it was published. Upon these facts, and the papers above set forth, the court rendered judgment for the plaintiff to recover the sums named in the body of the award and the fifty dollars paid by the plaintiff toward the fees of the arbitrators, to which the defendant excepted.

*A. Underwood,* for the defendants.

1. The question of *costs of arbitration* was never submitted to the arbitrators, but only *costs of suit* pending between the parties. Therefore, the arbitrators were not authorized to award as to those costs; *Candler* v. *Fuller,* Willes 62 ; *Brown* v. *Warden,* 1 H. B. 223 ; *Street* v. *Rogers,* 2 Eng. C. L. 76 ; *Peters* v. *Pierce,* 8 Mass. 398 ; *Alling* v. *Munson,* 6 Conn. 696 ; *Cutler* v. *Whittemore,* 10 Mass. 442 ; Watson on Awards, 97.

2. But if the arbitrators had power to award costs of arbitration, they have done so, and have awarded a specified sum, viz : thirty-eight dollars and nine cents. Their award in this respect is plain and unambiguous, and must govern the parties, and can-

Morrison *v.* Buchanan et al.

not be affected by parol testimony showing a different understanding on the part of the arbitrators ; *Gordon et al.* v. *Mitchell et al.* 4 Eng. C. L. 432 ; *Legge* v. *Young,* 32 Eng. L. & Eq. 433.

*Dewey & Anderson,* for the plaintiff.

The award, in providing that the defendant, Walter Buchanan, should "pay the costs of this arbitration," expressly provides that he should pay the arbitrators' fees, which are a portion of the costs of the arbitration. The minute of the arbitrators' fees at the foot of the award is a part of the award itself, and the whole should be construed together ; *Jackson* v. *Ambler,* 14 Johns. 96 ; *Spear* v. *Hooper,* 22 Pick. 144 ; *Rixford* v. *Nye,* 20 Vt. 132 ; *Kendrick* v. *Tarbell,* 26 Vt. 416 ; *Wright* v. *Smith,* 19 Vt. 110.

REDFIELD, Ch. J. The important proposition discussed at the bar, how far an arbitrator may award costs, and especially the costs of the arbitrator, when no such power is expressly given in the submission, is one of considerable practical importance. Upon principle it would seem that no such power should exist. It is quite too important a power to be implied as a mere incident of the submission. The implication from the omission to specify such a power in the submission, is rather that it was not intended to be conferred, than that it was supposed to follow the award of damages. The more natural and the safer construction of submissions to arbitration is not to extend them beyond the words used, unless there is some very obvious ground of extending their import by way of implication.

In regard to the rule of construction in the decided cases upon this point, we find nothing which is satisfactory to our minds, giving the power, as a mere incident of the submission, to award such costs. It is obvious that such is the ordinary result when an award is made in a case pending in court, when the submission is made a rule of court. This is expressly so provided by our statute, and is so also by the English statutes, when the arbitrator so directs.

But it seems to be made a question in the English courts how far a general power to award costs, expressly provided in the submission, extends to the costs of the reference.

It is obvious, we think, from the early English cases, *Candler* v. *Fuller*, Willes 62, 64, and casés there cited by the court, and the note of the reporter, that at common law the arbitrator had no power over the costs of the reference, unless it were expressly given in the submission ; *Burfield* v. *Burrford*, Cro. Jac. 577. The reason assigned in the cases is that it was matter subsequent to the submission and could not, therefore, fairly be regarded as submitted by implication.   But the power to award the costs of an action, which have already accrued, seems to be implied from the submission of the action or from the submission of all controversies ; *Roe* v. *Doe*, 2 Term 644 ; 2 Pet. Ab. 254 and notes.

And it has been decided that the general power to award costs, expressly given by the submission, does not include the costs of the reference ; *Bradley* v. *Farnstow*, 1 Bos. & P. 34.   But where it was provided in the rule of reference that costs should abide the event of the award, it was held to include the costs of the reference :  *Wood* v. *O'Kelley*, 9 East 436.   But upon a submission of a cause, and all matters of reference, and nothing said of costs, the arbitrators may award the costs of the cause, but not of the reference ; *Keith* v. *Robinson*, 1 B. & C. 277.

The rule of law upon this subject seems to be different in different States in this country.   In Massachusetts, from an early day, it has been held and repeatedly reaffirmed that an arbitrator has no power to award costs unless expressly given in the submission ; *Peters* v. *Pierce*, 8 Mass. 398 ; *Vose* v. *How*, 13 Met. 243 ; *Maynard* v. *Fredrick*, 7 Cush. 247.   This rule has been adopted in many of the other States ; *Gordon* v. *Tucker*, 6 Greenleaf 247.   In this last case, the case of *Roe* v. *Doe*, 2 T. 644, is doubted.   See also *Hawson* v. *Webber*, 40 Maine 194.   The same rule has been adopted in *Clement* v. *Comstock*, 2 Mich. 359 ; and in the English courts, under the common law proceedure act of 1854 ; *Legge* v. *Young*, 32 Eng. C. L. and Eq. 433.

A different rule has been adopted in Connecticut, by a divided court, on the ground of the practice in that State ; *Alling* v. *Munson*, 2 Conn. 691.   And in New Hampshire a similar rule obtains ; *Spofford* v. *Spofford*, 10 N. H. 254.   And a similar rule seems to obtain in New York ; *Strange* v. *Ferguson*, 14 Johns. 161 ; *Cox* v. *Jogger*, 2 Cowen 638.

We have not been at the pains to investigate the subject far-ther. The rule of the common law and of the English courts at the present day, is very obviously not to allow the authority of the arbitrator to award the costs of the reference unless that power is expressly given in the submission. And the English courts hold that where the arbitrator has power, by the submis-sion, to award the costs of reference, this does not empower him to pass conclusively upon the amount of his own fees ; Coombs *in re.* 4 Exch. 839 ; *Fitzgerald* v. *Graves*, 5 Taunt. 342. The English courts hold this altogether independently of the reasonable-ness of the sums fixed by the arbitrator for his own fees, upon the ground that no man can be a judge in his own case, unless the power is expressly given. We think the reason and principle of the thing is in favor of the English rule upon this subject. And to the extent of not allowing the arbitrators to award the costs of the reference, unless authorized by the submission, the weight of American authority seems to be in the same direction.

It only remains to inquire whether any such authority is given the arbitrators in this case by the submission. The submision is of all matters of difference, and an express provision that "costs shall be awarded to the parties who may succeed in said action, meaning to include all manner of action and actions, cause or causes of action," etc., between the parties. For the purpose of giving construction to these words it is competent to look into the state of the disputes between the parties at the time of the submission. This is sufficiently apparent from the award. It consisted, on the part of the plaintiff, of a suit for flowing the plaintiff's land, and a bill in equity for some decree connected with the same subject probably. The only positive claim made by the defendant was for an assault and battery, for which suit was then pending. The controversies between the parties then consisted of three pending suits, but not all in favor of the same party.

The provision, then, in regard to costs, in the submission, is satisfied by the arbitrators awarding the costs of the pending actions in favor of the party prevailing in the particular action. And this will fairly enough include the expense of the trial of the particular action before the arbitrator, such as witnesses and

other taxable costs. This the arbitrators have done, and made their award accordingly. But it is obvious they have not, in terms, awarded anything more. If we were to conjecture what the parties probably meant, we might naturally enough conclude that they expected to have the costs of the arbitrators included in the costs of the actions. I think myself this would have been a fair and reasonable construction of the provision in regard to the costs of the actions. And if the actions had all been decided the same way, that is, in favor of the same party, it would now be easy enough to give it that operation, as was done in *Wood* v. *O'Kelly*, 7 East 436. But this award is not of a single action, as in that case, or of different actions in favor of the same party, but in favor of different parties. There should, therefore, have been an apportionment of the fees of the arbitrators, according to the expense belonging to those decided for each party. This was not done, and it is now too late to amend the award. And we do not think the arbitrators had authority by the submission to award the payment of their own fees, except as incident to the trial of each action. They could not then direct the defendant to pay the whole of those fees. If they could do that, then they could have awarded that the plaintiff should pay all their fees. They could at most, according to the submission, have included their own fees, while trying each particular suit, in the costs of that suit, and then left that party to pay them such proportion of their fees as he received, and were allowed him in the award as costs in the suit in which he prevailed.

But nothing of this was done. And judging from the award merely, with reference to the subject matter, and we have no right to go beyond this in giving construction to a written award, we should conclude, either that the arbitrators' fees had been included in the costs allowed in the several suits, or that no award in regard to costs had been made, or none such as came within the powers delegated to the arbitrators by the submission. We say this in regard to that clause in the award, " that the said Buchanan pay the costs of this arbitration." If that were to be understood generally as including all the costs of the arbitration, it clearly is not in conformity to our view of the just import of the submission, that costs should follow the event of the several

suits submitted. But we think this clause is qualified by what follows, " and that we allow said Morrison's bill of costs as taxed." This expression " as taxed " explains, to my mind, how the arbitrators, in fact, failed to make any award in regard to their own fees. They allowed the costs of the parties, as taxed, in the several actions, but this taxation did not include their fees, and on that account probably it occurred that no specific award was made on the subject. There is no doubt an equity that the plaintiff should recover just about that amount of fees, which he paid, above what the defendant paid. For whatever part of the fees are incurred in the trial of the case against the plaintiff should have been paid by the defendant, and taxed in his costs, and deducted from the plaintiff's costs, and he should have had a final award for the balance. But we have not been able to dis-cover any legal process by which we could come at this result, in the present imperfect state of the award, and, as we have said, it is now too late to amend it. It seems to us that as no legal award was made in regard to the arbitrators' fees, no recovery can be had in regard to them.

Judgment reversed and case remanded.