Hon. TIMOTHY P. REDFIELD, }
Hon. JONATHAN ROSS, · } Assistant Judges.
Hon. WALTER C. DUNTON, }

---

### BURNELL *v.* EVERSON.

*Power of Arbitrators to Award Costs.*

Arbitrators have power under a general submission to award cost of arbitration, including their own fees.

General Assumpsit for half of arbitrators' fees. Trial by the court on an agreed statement of facts, September Term, 1876, Royce, J., presiding.

Plaintiff and defendant submitted certain differences to arbitrators by a written submission silent as to costs of arbitration. The

arbitrators heard and decided the matters submitted, and awarded that plaintiff pay their fees, amounting to $60. The award was performed except as to arbitrators' fees, which plaintiff refused to pay, whereupon the arbitrators sued him therefor, and recovered the full amount thereof, with costs, and plaintiff paid the judgment.

On these facts the court rendered judgment for plaintiff, to which defendant excepted.

*C. G. Austin,* for the defendant.

The award that the plaintiff should pay the arbitrators' fees was a judgment, and the suit of the arbitrators against him was predicated thereon. As the plaintiff took no appeal from that judgment, the result of that suit was conclusive as to his liability. If the plaintiff considered the defendant jointly liable with him to pay said fees, he should have had the defendant brought into court to answer the claim, according to the statute.

The payment of the fees was an acquiescence in the award, whether the award was legal or illegal; and it makes no difference whether the plaintiff complied with the award of his free will, or suffered judgment to go against him on an illegal award, in which he might have had a valid defense on the trial of that issue.

*Noble & Smith* and *B. Hall,* for the plaintiff.

The award of fees was invalid. The submission being silent as to costs, the arbitrators had no power to act upon that subject. *Morrison* v. *Buchanan,* 32 Vt. 289. The arbitrators were appointed by the parties. Consequently the parties became jointly and equally liable to pay for their services; and each of the parties was obligated to the other to pay half of their fees. The plaintiff having been compelled to pay the whole, may recover half of the defendant on implied assumpsit. *Kemp* v. *Fenden,* 12 M. & W. 420.

The opinion of the court was delivered by

PIERPOINT, C. J. This action is brought to recover the one half of the amount of the arbitrators' fees that were awarded to be paid by the plaintiff by a board of arbitrators appointed by

the plaintiff and defendant to settle certain matters of difference between them. It appears from the case that in the submission nothing was said as to the costs of the arbitration. The arbitrators awarded that the plaintiff, Burnell, should pay their fees, amounting to the sum of $60. Afterwards they sued Burnell for their fees and obtained a judgment therefor. Burnell paid the judgment, and brought this suit, and the question now is, whether he can recover the one half of this defendant. It is claimed on the part of the plaintiff that the arbitrators, in awarding that he should pay their fees, exceeded their authority, and that their award in that respect is void; and, in support of this claim, the case of *Morrison* v. *Buchanan*, 32 Vt. 289, is mainly relied upon. In that case the suit was brought upon the submission bond, and the principal point litigated was, whether the arbitrators had in fact awarded that Buchanan should pay the arbitrators' fees. They awarded that he should pay the costs of the arbitration; they taxed Morrison's cost and fixed the precise amount that Buchanan should pay, but did not include in that sum their fees. The court held that there was no award that Buchanan should pay the arbitrators' fees; and, of course, his refusal to pay them was not a breach of the submission bond, and there could be no recovery against him. In disposing of the case, the late Chief Justice REDFIELD discusses at considerable length, and with his accustomed ability, the question as to the authority of arbitrators to award as to the costs of the arbitration when the authority is not expressly given by the submission, and says that the rule in England, and in Massachusetts and several of the other States, is against the authority; that in Connecticut, New Hampshire, and New York, the rule is in favor of the authority; and concludes by saying that the weight of American authorities seems to be against it. It is a noticeable fact that neither the judge in disposing of the case, nor the counsel in their briefs, make any allusion to the decisions of the courts in this State upon the question.

In *Hawley* v. *Hodge*, 7 Vt. 237, Chief Justice WILLIAMS says: " There is no question that it is incident to the authority given to an arbitrator in a general submission, when no mention is made

of costs, to award concerning the costs of the arbitration." In the case of *Bowman* v. *Downer*, 28 Vt. 532, it was expressly decided that arbitrators have authority to award as to the costs of the arbitration when the submission is silent upon that subject. ISHAM, J., after referring to the rule as established in England and some of the States, and to the case of *Hawley* v. *Hodge*, says that the principle laid down in that case " having been early adopted in this State, and the general practice being in conformity with it, we must consider the rule as settled. We think, therefore, that the plaintiff is entitled to recover in this case the amount of that award."

The case of *Morrison* v. *Buchanan* cannot be regarded as overruling these decisions, as the case turned upon a different question; and unless we are prepared to overrule them, we must regard the principle as established in this State, that arbitrators, under a general submission, have power to award as to the cost of the arbitration, including their own fees. This being so, it follows that upon the facts stated in this case, the plaintiff cannot recover.

Judgment reversed, and judgment for the defendant to recover his cost.