EBENEZER ROWLEY *against* SAMUEL YOUNG.

*A.* having a suit pending in court against *B.*, the parties mutually agreed, that it should be called out,

WRIT of error.

This was an action on the case, brought by *Young* against *Rowley*, alleging that the plaintiff had an action and submitted to arbitration, and that the costs which had arisen, and should arise thereon, should follow the award. The arbitrators met, and *A.* attended; but *B.* revoked his submission. In an action on the case for such revocation, it was held that *A.* was entitled to recover as well the costs in the suit at law, as those under the submission; both of which, as stated in the declaration, amounting to more than seventy dollars, gave the *superior court* jurisdiction of the cause.

of trespass upon the statute, for cutting trees, against the defendant, pending in the *superior court*, by appeal of the defendant from a judgment in favour of the plaintiff, for 60 dollars damages and costs; that it was mutually agreed by the parties that the action should be called out, and submitted to the arbitrament and final determination of *Asher Miller, Matthew Griswold,* and *Isaac Spencer*, esquires, and that the costs which had aris en, and should arise thereon, should be decided according to law, and upon the same principles as if the action had proceeded before, and been determined by, the court and jury ; that it was also agreed, that a submission in writing to this effect should be drawn and executed by the parties, and that the arbitration should be held at some future convenient time, at a place specified; that soon afterwards, the plaintiff called out the arbitrators, who met at that place, and took upon themselves the burden of an award in the premises ; that the plaintiff attended with his witnesses and counsel; and that the defendant then refused to sign any submission, and revoked the powers before given to the arbitrators, assigning no other reason than that the statute of limitations had run against the trespasses complained of. The declaration then stated that the costs which had arisen in the action at law amounted to 50 dollars, and those under the submission, including the arbitrators' fees, to forty-five dollars; and concluded by alleging damages to the amount of 200 dollars.

The plaintiff obtained a verdict for fifty-six dollars, and costs. The defendant moved in arrest of judgment, for that, 1. So much of the declaration as related to the action of trespass in the *county court,* the appeal therefrom, and costs arisen thereon in the *superior court,* was insufficient; 2. The costs under the submission, including the arbitrators' fees, did not amount

June, 1808.
ROWLEY
v.
YOUNG.

to a sum sufficient to give the *superior court* juris-diction.

This motion was overruled, and judgment rendered for the plaintiff.

*E. Huntington* and *Gould*, for the plaintiff in error.

The general question, which arises in this case, is, whether the *superior court* had jurisdiction? In personal actions, the rule of damages, which determines the jurisdiction of the court, is derived from the statement of facts in the declaration, and is not given by the formal demand in the conclusion. To such rule of damages the court and jury are bound to adhere: a departure from it will be error. *Tyler* v. *Marsh,* 1 *Day,* 1. Now, if it appears from the declaration, that the jury cannot give more than seventy dollars, the *superior court* has not jurisdiction.

This is an action on the case for revoking a submission to arbitrament. The rule of damages must be the expenses to which the plaintiff was subjected by such revocation. The plaintiff has stated those expenses at forty-five dollars only. But it is said, that the costs in the antecedent suit make up the requisite amount. We contend, that such costs cannot be recovered in this action. This position, which, if well founded, makes an end of the case, is supported by *Wetmore* v. *Lyman,* in error, 2 *Root,* 484. That was an action on an arbitration note. The subject of the submission was a suit in the *superior court,* in favour of *Wetmore* against *Lyman,* which, at the time of submission, it was agreed should be called out. *Wetmore* afterwards revoked, and the suit proceeded to trial. The plaintiff in the action for the revocation offered to prove the loss of time and expenses, to which he was sub-

jected in the trial of the cause. The defendant ob-
jected to this evidence; but it was admitted by the
*county court;* and a bill of exceptions being filed, a
writ of error was brought in the *superior court.* The
judgment was reversed, on the ground, that the plaintiff
was entitled to recover damages only for the trouble
and expense he had been put to in preparing for the
arbitration; or, in other words, that the damages ought
to be only such as were direct and immediate, arising
from the submission and revocation.

June, 1808.

ROWLEY
v.
YOUNG.

It may be objected, that special averments as to the
particular items of cost accrued, are immaterial and im-
pertinent, and may be rejected as surplusage: And that
the jury, therefore, would be at liberty, on this declara-
tion, to give more than seventy dollars for aught that
appears; since more than that sum is demanded. We
answer, that the rule holds only as to *impertinent,* i. e.
*foreign* averments; not to those which are merely im-
material. The party declaring is bound by the latter,
and they cannot be rejected, since they enter into the
description of his cause of action. *Savage, q. t.,* v. *Smith,*
2 *Bl. Rep.* 1101. *Bristow* v. *Wright et al. Doug.* 665.
*Williamson* v. *Allison,* 2 *East,* 446. The averments in
queston, if unnecessary, are not impertinent; as they
explain the manner in which, and the extent to which,
the plaintiff has been damnified.

*Daggett* and *Hosmer,* for the defendant in error.

It is clear beyond a question, that the demand of the
plaintiff before the *superior court,* to have conferred
jurisdiction, must have surmounted seventy dollars. It
is likewise undisputed, that two hundred dollars were
demanded as damages. To counteract the force of this
explicit demand, it becomes indispensably necessary to
show, that the averments in the declaration were re-

strictive of damages, and precluded the legal possibility of recovering more than seventy dollars. This has been attempted. It is averred, that the costs of the *superior court*, anterior to the submission, amounted to fifty dollars only, and those accruing under the submission, to forty-five dollars. The latter sum, it is admitted, was recoverable; but it is contended, that the former was not. The argument of the defendant below is to this effect. The damages to which the plaintiff is entitled are those, and only those, which result necessarily, or by direct consequence, from the act of revocation. But the only necessary and direct damages thus resulting, are the costs under the submission, that is, forty-five dollars. The minor proposition is denied; and on its validity depends this branch of the argument. It must be constantly remembered, and the defendant below seems to have forgotten, that the submission was made while the action was depending, and of the costs that had arisen. The revocation necessarily frustrated the recovery of the costs. The damage is inevitable, and derived exclusively from the revocation. The trespass is not affected by this act; this cause of action remains; and the law furnishes the means of vindicating it. Not so regarding the costs. The direct and necessary consequence of the revocation, then, was to utterly obstruct the recovery of the costs attending the action of trespass; and a damage was thereby constituted, which the present action alone can redress.

The same result will arise, when we view the subject in a light somewhat different. Every express contract, which does not contain a stipulated sum, is accompanied by this implied engagement, that the violator of it shall be subjected to the reasonable damages, derived from his unjustifiable act. But the reasonable damages attending the act of revocation above mentioned, comprise not only the costs under the submission, but those which

had arisen in court; and to recover which (with the da-
mages) was the great inducement to the submission.
He who denies that the costs of court are reasonable
damages, must be prepared to legalize fraud, and var-
nish moral turpitude. For unquestionably it is fraudu-
lent and dishonest, to induce the withdrawal of an action,
on a promise to refer it to arbitration, and, having ob-
tained this object, to refuse compliance with the assump-
tion, and the payment of the existing costs. *Vide Domat
on Interest and Damages*. The jurisdiction of the *su-
perior court*, then, is established beyond all objection.

If the costs of the court constituted no part of the da-
mages, it is satisfactorily clear that the court below
had jurisdiction. The argument against it proceeds
exclusively on this ground, that the allegations relative
to the costs under the submission are material aver-
ments, from which the proof may not be permitted to
vary. But this cannot be admitted. On the contrary,
they are not merely unnecessary, but impertinent, and
to be regarded as surplusage. Their utter nullity in
every view, will not be denied, if their impertinence is
clearly established. What, then, is an impertinent
averment? It is one foreign to the cause, and which
may be struck out, without impairing the declaration.
It is said by Justice *Lawrence*, " if the whole of an aver-
ment may be struck out, without destroying the plain-
tiff's right of action, it is not necessary to prove it; but
otherwise, if the whole cannot be struck out without
getting rid of a part essential to the cause of action."
*East*, 452. The above definition and remark are sup-
ported by all the cases on this subject. In *Bristow* v.
*Wright*, *Doug*. 642., Lord *Mansfield* observes, " that
where the declaration contains impertinent matter fo-
reign to the cause, and which the master, on reference
to him, would strike out, that will be rejected by the
court, and need not be proved. But if the very ground

of the action is misstated, that will be fatal." The same principle is adopted in *Peppin* v. *Solomons*, 5 *Term Rep.* 496., and the application of it in the former case vindicated. Then follows the case of *Williamson* v. *Allison*, 2 *East*, 446. This was an action on the warranty of a quantity of claret; and it was needlessly superadded, that the warranty was made fraudulently and deceitfully. The fraud was not proved; but the warranty was past dispute. The contest was, whether the averment of the fraud might be considered as impertinent, and of this opinion was the whole court. " If the whole averment respecting the defendant's knowledge of the unfitness of the wine for exportation were struck out, (said Lord *Ellenborough*,) the declaration would still be sufficient to entitle the plaintiff to recover upon the breach of the warranty proved." The principle, then, is this, that an averment in the declaration, which may be expunged without touching the gist of the action, is mere surplusage, and to be received as if it had no existence. What more rational than this? Had there been no rule on this subject, or one of an opposite tenor, it was, nevertheless, competent for the court to adopt that mode of practice, which best would facilitate and subserve the administration of justice. See *Robinson* v. *Bland*, 2 *Burr.* 1077.

This, then, is the simple point of inquiry, on which the argument depends; what is the specific character of the allegations relative to the costs under the submission? Were they necessary? It is not pretended. Were they proper, or usual, or compatible with clerical skill or correctness? The assertion, no person will dare to hazard. May they not be struck out without impairing the cause of action in the slightest degree possible? Unquestionably they may. Then, they are impertinent; and if so, they may be expunged by the court, or, according to the practice in such cases, passed over,

as if they had not existed. The basis of the argument we have combatted, being altogether imaginary, we trust the superstructure will be viewed as equally fallacious.

BY THE COURT, SWIFT, TRUMBULL, SMITH and BALDWIN, Js. dissenting. The cost, which arose in prosecuting the action at law, before the submission, and the cost which arose after the submission, as claimed in this action, amount to a sufficient sum to bring this case within the jurisdiction of the *superior court*. And if the plaintiff can recover for both these claims, the decision was right.

It has been long settled, that the cost arising under the submission may be recovered in this form; and we are of opinion, that the claim for the antecedent cost rests on the same principle. The cost in both cases arose in preparing the case for trial, and must have followed the award. And whether it arose under the submission, or whilst the case was depending in court, and was sent to the arbitrators by the submission, cannot change the nature of the claim, or vary the injury done to the party by the revocation. It would be manifestly unjust, to allow a party to induce his opponent, under the faith of a submission, to give up his claim for cost before the court, and to incur a new expense, and then deprive him of this claim by a revocation.

Judgment affirmed.