## JABEZ HAWLEY vs. JAMES A. HODGE.

BENNINGTON, February, 1835.

Where a party revoked the powers of an arbitrator, by parol, and the arbitrators in consequence of the revocation, declined proceeding, he is not permitted to say, that the revocation was not made.

Where a person, who has submitted to an arbitrator, revokes, he must pay all damages, which the other party has sustained, and to which he would not have been subjected, but for the submission.

This is an action of assumpsit upon an arbitration submission.

The plaintiff and defendant had submitted all matters in controversy to Myron Clark, Esq., and that defendant had revoked the same. The submission was in writing—the revocation was by parol.

On trial, it appeared that at the time of the submission, an action was pending between the plaintiff and defendant, in which the plaintiff's costs then amounted to *two dollars and sixty cents.*

The defendant contended, that at the time of the revocation, mentioned upon the back of said submission, the plaintiff's costs in the arbitration, taking the rule of taxation in a justice's court, would amount to *four dollars and twelve cents.*

After the commencement of the present action, and more than twenty-four hours before the time set in the writ for trial before the justice, the defendant tendered and the plaintiff received the amount of five dollars and ten cents, as set forth in the defendant's plea in bar.

It further appeared in evidence, that at the time of the submission, the plaintiff had recovered a judgment against the defendant for the sum of ten dollars and forty cents damages, and two dollars and sixty cents costs, from which an appeal had been taken ;—that

BENNINGTON, at the first time the arbitrator attended, Hawley was not present;
*February,*
1835.     but Asa Baldwin, his agent, attended, and employed counsel to at-
Hawley    tend for him, to whom he paid two dollars;—that at the time to
*vs.*
Hodge.    which the arbitration was adjourned, the plaintiff came from the
state of New-York, a distance of over four hundred miles, to at-
tend the arbitration; and that Mr. Baldwin, a witness, attended at
both times when the 'arbitrator attended, living a' distance of within
one mile from the place where it was held; and that the day after
the arbitration, the plaintiff paid the arbitrator his fees, amounting
to three dollars;—and further, that the arbitration was adjourned
for the purpose of procuring the attendance of Hawley, the plaintiff.

Whereupon, the defendant insisted, that inasmuch as no power
was given to the arbitrator, by the submission, to tax or allow costs,
the plaintiff could not recover.

The defendant also insisted, that in case costs were taxable un-
der said submission, his tender covered all that were taxable.

But the court decided that the plaintiff was entitled to recover
sufficient to compensate him for his trouble and expenses, which
the said court allow, and find for the plaintiff to recover the sum of
twenty-five dollars. To this decision, the defendant took his ex-
ception. Exceptions allowed and certified.

*Mr. Sargeant, for defendant.*—1. The submission was not so
revoked as to prevent the arbitrator from proceeding.

2. Granting a legal revocation, it gives the plaintiff no right of
action, inasmuch as no power was given by the submission over
the subject of costs.

3. If costs were taxable, the tender and receipt by the plaintiff
was sufficient to bar the action.

1st. The case shows a written submission; and the act of the
defendant, alleged to be a revocation, was by parol.

The principle that every contract shall be cancelled by some
act of as high a character, has been applied to cases of submission
and revocation.—Caldwell on Arbitrations, 36. Sw. Dig. 465.

2d. It is insisted that where no power is given by the submission
over costs, none can be taxed by the arbitrator. This principle
necessarily arises out of the doctrine, that an arbitrator has no au-
thority over the matter submitted, beyond what the parties have
voluntarily conferred upon him by the submission.—Caldwell on
Arbitrations, 16.

It is said, (Cald. on Arb. 76) "*It is not quite so easy to deter-*

*mine from the cases, how far an arbitrator has power over costs, where the subject is not noticed in the submission.*"

It is believed the great difficulty is obviated, when we notice the author is commenting upon submissions under rules of cnurts, and not on arbitrations under the common law; for we find a discrimination frequently made between the costs under the submission and the costs of the action; and these questions are generally raised on the application to the court to enforce the award.

This doctrine, reasonable in itself, and the only one which can rationally grow out of the fair import of the submission, is laid down as a well settled principle of common law, based on English authority, in the case of *Peters* vs. *Pierce*, 8 Mass. Rep. 398-9. Also, 10 Mass. Rep. 442.

This doctrine established, it follows manifestly that the plaintiff had no cause of complaint; he was in no wise damnified by the act of the defendant.

If it amount to a revocation, it most certainly inured to the plaintiff's benefit, by throwing his case where he could pursue it in a court of law, and in case of success, recover costs.

3d. If the plaintiff were entitled to costs, he certainly could be entitled to no more than could be taxable, treating the case as before the only court in the government which would have jurisdiction over it.

That amount appears to have been tendered by the defendant, and received by the plaintiff.

The amount paid by the plaintiff to the arbitrator, was not paid by any request of the defendant.

It was not only a sum of money which the defendant was doubly under a moral obligation to pay the arbitrator, but the plaintiff has no right to take charge of the defendant's moral obligations, thereby to provide himself with weapons to attack the defendant.

*Mr. Swift, for plaintiff.*—1. The law is settled at the present day, that the power of arbitrators awarding costs is *incident* to the authority contained in the general submission of the matters in dispute.—2 Term Rep. 644, *Roe* vs. *Doe.* 14 John. Rep. 161, *Strong* vs. *Ferguson.* 1 Bin. Rep. 61, *McLaughlin* vs. *Scott.* Kyd on Awards, p. 134. Ca. Temp. Hardwick, *Shepherd* vs. *Brand.*

2. If a party revokes his submission, it is a violation of his agreement to submit, and he is bound to make good his damages; and the rule of damages is the *cost and expenses* to which the oth-

*Margin note:*
BENNINGTON,
February,
1835.

Hawley
vs.
Hodge.

BENNINGTON,
February,
1835.

Hawley
vs.
Hodge.

er has been subjected in preparing for trial in consequence of the submission, and which he has lost the benefit of by the revocation. 1 Sw. Dig. 465. 3 Day's Rep. 125, *Rowley* vs. *Young*.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—Several questions have been made in the argument, which do not arise from the case. The action was founded on a submission of certain controversies between the plaintiff and defendant to an arbitrator. The defendant revoked, and the county court found and assessed the damages, which the plaintiff had sustained thereby. The several questions, however, which were made, have been considered; and the result is, that we see nothing erroneous in the proceedings of the county court. It appears that the submission was in writing—the revocation was not in writing. It is not necessary for us to say whether the arbitrator would have been justified in proceeding with the arbitration, without a written revocation. The defendant made a parol revocation, and his power to do so was not questioned by the arbitrator, or the other party at the time. The arbitrator declined proceeding, and entered on the submission, that the defendant, Hodge, had revoked the power of the arbitrator. The defendant cannot now dispute the revocation, or say that he should have revoked in a different manner. Again, as to the costs, no question could arise on the trial as to those, except on the plea of tender. There is however no question that it is incident to the authority given to an arbitrator in a general submission, where no mention is made of cost, to award concerning the cost of the arbitration. Here there was no award. The only way in which this question of cost can now be raised, is on the inquiry, whether the sum tendered by the defendant, and received by the plaintiff, was the full amount to which he was entitled. The county court have found the damages to be greater than the sum tendered; of course, the tender ceases to be of any consequence. As to the damages, the rule is, that where a party revokes, he must pay all damages which the other party has sustained. This would of course include the cost of the suit discontinued, the cost and expenses which the party had been subjected to in preparing for trial, which he would not have incurred, or been subjected to, but for the submission, and which he cannot recover in any other way. These have been found by the county court, and exceed the sum tendered.

The judgment of the county court is affirmed.