## JOHN L. BOWMAN *v.* SOLOMON DOWNER.

*Award. Costs of arbitration. Evidence. Statute of limitations.*

A general award is sufficient, where the claims submitted are pecuniary, or capable of being reduced to a definite sum, and the submission does not require or contemplate that the arbitrators should award the performance of any other act than the payment of money.

In this case the submission required the arbitrators to decide as to the sufficiency of a tender made, and the right of a party to recover in a suit commenced by him, (to the recovering party in which the taxable costs were to be awarded,) and also to determine the liability of the other to account for certain rents, and their value. The arbitrators awarded generally, that one of the parties should pay a specified sum to the other, on demand, "in full of and for all matters submitted." The award *held* sufficient.

In this state the costs of the prevailing party in an arbitration may be awarded in his favor, though there be no provision for it in the submission.

The plaintiff claimed to recover the amount of certain taxes, which he claimed had been assessed against the defendant and placed for collection in the hands of the plaintiff, as constable, and by him paid to the treasurer of the town, to which he was accountable, and that the defendant had promised to pay him. *Held*, that the tax-bills in the hands of the plaintiff were admissible, and *prima facie* evidence of the existence of the taxes, and the amount for which the defendant was liable upon them.

*Held*, also, that the fact that the plaintiff had given bonds, as constable, and received the tax-bills in question, and had settled with the town and taken up his bonds, afforded *prima facie* evidence that he had paid the taxes assessed against the defendant.

A request from the defendant to the plaintiff so to pay, may be inferred from an assurance given by the defendant, upon receiving a note from the plaintiff, that it could be arranged by the taxes the defendant was owing him, and that within the year for which the note was given they would get together and have it settled. The defendant had subsequently transferred the note, and the plaintiff had been obliged to pay it to the endorsee.

Such an assurance, if within six years, would be sufficient to prevent the operation of the statute of limitations.

ASSUMPSIT, upon a submission and award; and upon the general counts. Plea, the general issue, and the statute of limitations; trial by jury, May Term, 1855,—UNDERWOOD, J., presiding,

The plaintiff offered in evidence a submission, signed by the plaintiff and the defendant, which was as follows, viz.

" SOLOMON DOWNER *v.* JOHN L. BOWMAN and PHILANDER C. BROWN. *Windsor County Court*, March Term, 1846. Action of ejectment. We hereby agree to submit the matters in controversy, in the above entitled suit, to " * * * * *
* * (naming the arbitrators, time and place of hearing, &c.)
* * * * " Said persons shall decide and determine the sufficiency of the tender made by said Downer, and his right of recovery in the above named suit, and the taxable costs shall follow the same, and be recovered by the prevailing party; and they shall also determine the value of the rent or use of the premises in controversy, per year, from the time said Bowman became liable to account for or pay said Downer for the same, if they shall so find; and said Bowman shall give said Downer possession of said premises on the first day of April, 1846, or at any time thereafter when said Downer shall request such possession. And, after considering the amount and sufficiency of said tender, and the rent and use of said premises, and which of said parties are liable for the payment of the taxable costs in said suit, said persons shall determine what balance is due from one to the other of said parties, which balance each of said parties hereby agrees and promises to pay to the other party, according to the determination of said persons before named, so made as aforesaid," together with an award, signed by the persons named in the submission as arbitrators, of which the following is a copy :

" We, the undersigned arbitrators, mutually chosen by Solomon Downer and John L. Bowman to hear and determine certain mat-

ters and differences between them, named and submitted in a cer⁎ tain written submission by them executed, after meeting and hearing the parties, on the 4th day of June, 1846, and considering their respective proofs, we do decide, determine and award, that the said S. Downer shall pay, on demand, to the said J. L. Bowman, the sum of $115.26, in full of and for all matters submitted, and costs of said.Bowman in and about this arbitration."

"*Royalton*, Jan. 4th, 1846." .

To the admission of each of these papers the defendant objected, but the same were admitted by the court, to which the defendant excepted.

The plaintiff testified, in substance, that he was constable and collector of taxes for the town of Royalton, from 1834 to March, 1846, except for one year; that in December, 1843, April, 1844, January, 1845, and January, 1846, he received, from the selectmen of Royalton, tax-bills, on which sundry town, state and school taxes were assessed against sundry persons, and among others that there were taxes, on each of said bills, against the defendant; that he thought he had called upon the defendant for said taxes, but had no recollection as to the time when he called upon him, but that it was previous to April, 1848; that the latter part of April, 1848, the plaintiff and defendant met at Bethel for the purpose taking testi⁎ mony in a chancery suit then pending, in which the defendant and the estate of one Bosworth, then deceased, of which the plaintiff was administrator, were parties; and that there was also a suit at law then pending, in which the defendant and the said Bosworth's estate were either parties or interested; that the defendant proposed terms of settlement, according to which there would be a balance due to the defendant; and the plaintiff further testified, . "I asked the defendant how it could be arranged; he said that it could be arranged well enough, I am owing you taxes and that award; it will come right enough between you and me; I will take your note payable in a year, and during the time we will get together and have it settled;" and that the plaintiff did thereupon settle and give his note to the defendant for the amount agreed upon, payable in one year thereafter. It appeared that this note was .sued in the fall of 1852, in Orange county, in the name of Daniel Cobb, as plaintiff, and judgment obtained; and that the

plaintiff paid the amount of said judgment, previous to the com-
mencement of this suit.

The plaintiff offered in evidence said tax-bills, to each of which
was attached the certificate of the selectmen, and, to two of them,
warrants duly signed by a justice of the peace, but to the other
two bills no warrants were attached, and no other evidence was
offered by the plaintiff as to the legality of the taxes on said bills;
to the admission of said tax-bills the defendant objected, but the
same were admitted by the court.

The plaintiff further testified that it was his custom to pay over
money to the town treasurer as fast as collected, but that he had
no recollection of making any advanced payments, and that he had
settled and taken up his bonds to the town, as constable; but at
what time he made such settlement he was unable to state, but
thought it might have been about six years previous to this trial.

The defendant requested the court to instruct the jury that there
could be no recovery, in this action, for the amount of said taxes,
or any part thereof, because there was no request by the defendant
to the plaintiff to pay said taxes;—that he could not, in any event,
recover, without proving a special promise to the plaintiff person-
ally; and that there was no sufficient proof that any legal taxes
existed against the defendant.

The court declined to charge the jury as requested, but did
charge them, among other things not excepted to, that if they were
satisfied, from the evidence, that these taxes existed against the
defendant, and had been duly assesssd, and they believed that the
transaction and conversation at Bethel was as testified to by the
plaintiff, and that the plaintiff had settled with the treasurer for
his tax-bills, and that the note the plaintiff gave was sued, and paid
by the plaintiff, the plaintiff was entitled to recover for the taxes;
and that the same evidence which would constitute the plaintiff's
right to recover for the taxes, would remove the statute bar as to
the taxes; and as to the award, if the jury were satisfied that the
defendant, at Bethel, recognized his liability for the award, and
made the declaration, as to the award and taxes, as the plaintiff
testified; and that, to induce the plaintiff to settle the suits and give
his note, it would be a sufficient answer to the statute of limitations.

To the charge of the court, and the refusal to charge as re-

quested, the defendant excepted. The jury returned a verdict for the plaintiff.

*W. C. French* and *Washburn & Marsh* for the defendant.

An award must strictly follow the submission, and the arbitrators must award upon all the matters submitted to them; 1 Swift's Dig. 468; 2 Pars. on Con. p. 291. In this case the parties submit, 1st, the sufficiency of the tender made by the defendant in the suit then pending; 2d, the defendant's right to recover in that suit; 3d, the taxable costs in that suit, to be awarded to the prevailing party; 4th, the value of the rents, per year; 5th, lastly, after considering all these matters, they were to find the balance due from the one to the other. In the award, the arbitrators merely find a balance due from the defendant to the plaintiff, without taking any notice and awarding upon any of the other matters submitted. By no reasonable intendment can it be presumed that the arbitrators took those matters into consideration. They are entirely distinct from the finding of a general balance. The following cases fully sustain our views, some of which are very analogous to the present case. *Madkins* v. *Horner*, 8 Ad. & El. 246; *Rider et al.* v. *Fisher*, 3 Bing. N. C. 874; *Upperton* v. *Fisher*, 1 Har. & W. 280; same case, 3 Ad. & El. 295; *Houston* v. *Pollard*, 9 Met. 164; also Stephen's N. P. 1 vol. p. 81.

The arbitrators had no power to award the costs of arbitration to the plaintiff. No such permission was given them by the submission. The *dictum* of Judge WILLIAMS in *Hawley* v. *Hodges*, 7 Vt. 237, is not sustained by the authorities. The distinction is between a *submission by the parties*, and a *reference under rule of court*. In the latter case, the referees have power to award costs, but in the former, the arbitrators have not. 1 Stephen's N. P. 148, and cases cited; *Peters* v. *Pierce*, 8 Mass. 398; *Nelson* v. *Andrews*, 2 Mass. 164; *Bacon* v. *Cramton*, 15 Pick. 79; *Gordon* v. *Tucker*, 6 Greenl. 247; *Vose* v. *Howe*, 13 Met. 243.

As to the taxes, the most that can be made out of the transaction at Bethel, upon which the court based the right of the plaintiff to recover, is that the defendant then admitted that the plaintiff had unpaid taxes against him. He did not promise to pay the taxes to the plaintiff, nor did he request the plaintiff to pay the taxes for

him. There was no evidence that the plaintiff had ever paid the defendant's taxes to the town treasurer. The plaintiff testified that he had settled and taken up his bonds, as constable; but he further stated that he had no recollection of making any advance payments to the town. The town might have retained these taxes, or abated them.

The tax-bills should not have been received in evidence. 1st, because there was no evidence tending to show that any of the taxes were ever legally assessed; 2d, because, as to *two* of the tax-bills, there were no warrants attached, and no authority whatever to justify the plaintiff in collecting them.

*A. P. Hunton* and *Converse & Barrett* for the plaintiff.

As to the sufficiency of the award, see *Hawkins* v. *Coldough*, 1 Burr 274; *Houston* v. *Pollard*, 9 Met. 164.

As to authority to award costs of the arbitration, see *Roe d. Wood* v. *Doe*, 2 T. R. 644; *Wood* v. *O'Kelly*, 9 East 436; *Alling* v. *Munson*, 2 Conn. 691; *Chase* v. *Strain*, 15 N. H. 535; *Strang* v. *Ferguson*, 14 John. 161; *Hawley* v. *Hodges*, 7 Vt. 237.

The tax-bills were properly received in connection with the other testimony. They established the fact that rate-bills were in the collector's hands, and the amount in which the defendant was therein assessed. They tended to show that the selectmen of Royalton claimed so much of the defendant, by way of taxes. The defendant could as well authorize the plaintiff to pay the same, on his account, without, as well as with a warrant. Had the defendant requested some third person to pay the amount of these bills to the plaintiff, and he have done so, could he have excused himself for not re-imbursing such person, by showing that the plaintiff, at the time, had no warrant? Nor was it necessary to show any further evidence of their legality. If the plaintiff was authorized by the defendant to pay, and did pay those bills, the defendant cannot now resist the claim on the ground that they were not legal.

The opinion of the court was delivered by

ISHAM, J. This is an action of assumpsit on an award of arbitrators, and for money paid. In relation to the award, it appears that the arbitrators have allowed the sum of $115.26, as a balance

due from Downer to the plaintiff. It is insisted that the award is void, as the arbitrators did not follow the submission, or finally determine the matters submitted to them. The award, on its face, purports to have been made by the arbitrators, after hearing the parties and considering the proofs, upon all the matters submitted to them. In the case of *Houston* v. *Pollard,* 9 Met. 169, CH. J. SHAW observed that, "when the claims on both sides are pecuniary, " or for damages capable of being reduced to a certain sum, if the " arbitrators, professing to decide on the whole subject, find a bal " ance due from one to the other, such an award is conclusive, al " though the *particulars from which that balance resulted* are not " stated." We are unable to perceive any matters in this case which do not fall within the application of this rule. From the submission, it appears, that the matter referred was a suit in favor of Solomon Downer against the defendant and others, in which was involved a controversy as to the validity of a tender made by Downer, and his right of recovery. That controversy, the arbitrators were to determine. They were also to ascertain the value of the rents or use of the premises, and the taxable costs of that suit, which were to be awarded to the prevailing party. From those matters, the arbitrators were to determine the balance due. There is nothing in all these matters but what are *pecuniary claims,* and capable of being reduced to a definite sum. The arbitrators were not authorized to impose upon the parties the performance of any specific act, aside from the payment of the balance in money, as that balance should be found. If, besides ascertaining a certain sum to be paid in money, the arbitrators were required to direct the specific performance of certain acts on an unperformed contract, greater certainty would be required; a general award would be too indefinite. It is possible, also, that that result would follow if they were not required, but simply had the power to make such an award. That was the principle on which the cases were decided, to which we were referred by the counsel for the defense. *Rider* v. *Fisher,* 3 Bing. N. C. 874; *Madkins* v. *Horner,* 8 Adol. & El. 246; *Houston* v. *Pollard,* 9 Met. 164. The case under consideration is not one of that character. The arbitrators were not authorized, by the submission, to impose on either of these parties the performance of any specific act or duty, but the payment of the

money, as that balance should be found due. In all such cases, the award may be general. The arbitrators need not specify the particular matters determined, and from which the sum awarded was found. In 1 Steph. N. P. 80, as it is said, that all fair presumptions are to be made in favor of an award; and if, on any fair presumption, the award may be brought within the submission, it shall be sustained. We have no doubt that the award in this case will be a good defense in any subsequent litigation that may arise out of the matters embraced in that submission. In relation to the costs of the arbitration, which are included in the sum awarded, we think the question must be treated as having been settled in this state, in the case of *Hawley* v. *Hodges*, 7 Vt. 237. The rule may perhaps be otherwise settled in England, and in some of the states in this country; *Vose* v. *Howe*, 13 Met. 244. But in the case of *Hawley* v. *Hodges*, Ch. J. WILLIAMS observed that, "there is no question that it is incident to the authority given " to an arbitrator, in a general submission, where no mention is " made of costs, to award concerning the costs of arbitration." That rule having been early adopted in this state, and the general practice being in conformity with it, we must consider the rule as settled. We think, therefore, that the plaintiff is entitled to recover in this case the amount of that award.

On the general counts, the plaintiff seeks to recover the amount paid by him to the town of Royalton, in satisfaction of taxes which were assessed in that town against the defendant. To sustain that claim it must appear that such taxes were in existence, that they have been paid by the plaintiff, and upon the request of the defendant. On this subject, it may observed that, if the testimony introduced in proof of these matters was competent, the jury, under the charge of the court, have found those facts to exist in the case. In relation to the existence of those taxes, and the amount for which the defendant was assessed, we have no doubt as to the competency of the testimony introduced for that purpose, and that it had a legal tendency to prove their existence, and the amount for which the defendant was liable. If the question arose on a plea justifying the levy of the warrants on property, for the collection and payment of those taxes, the plaintiff would probably be held to more strict proof of the assessment. But if the defendant, knowing that these

tax-bills were in the plaintiff's hands, agreed to settle them, or ap-
ply the amount on any claim he had against him, and those taxes
were assessed and certified by the selectmen, we think that in this
action they will afford *prima facie* evidence that such taxes ex-
isted, and of the amount due on them. The defendant possibly
would not be concluded, by such an agreement, from having cor-
rected any mistake that may have been made in making that as-
sessment, but as the defendant offered no evidence of that charac-
ter, the tax-bills were properly received in evidence. We are
satisfied, also, that there was evidence tending to prove that the
amount of those taxes had been paid by the plaintiff to the town
of Royalton. If testimony *tending to prove that fact* was submit-
ted to the jury, their verdict, finding that the payment was made,
is conclusive in the case. The facts proved in the case, that the
defendant, as constable, had those tax-bills in his hands, that his lia-
bility for them to the town was secured by his bond, as constable,
and that he had settled with the town and taken up his bond, was
competent evidence to be taken into consideration by the jury, and
does afford *prima facie* evidence that the taxes assessed against
the defendant were paid by the plaintiff to the town. It is true
the taxes may have been abated, or the plaintiff may have been
in other ways relieved from the payment of them. But that is not
the legal presumption. If the fact so existed, it is a matter of de-
fense, and for the defendant to establish by proof. On the question
whether the *defendant requested* the plaintiff to pay the taxes for
him, it is to be observed that the jury, under the charge of the
court, have found that the arrangement was made between these
parties in April, 1848, as was testified to by the plaintiff. In that
arrangement, it seems that the plaintiff was indebted to the defend-
ant on claims arising out of the estate of one Bosworth, and that
he gave the defendant his note, payable in one year, for the amount
due him, under a promise and assurance given by the defendant
that, in the mean time, the taxes as well as the award and note,
should be settled. It is necessarily implied, in this arrangement,
that the plaintiff was to settle those taxes with the town, and that
the amount he paid on those taxes, and the amount of the award,
should be paid to the plaintiff by applying them on that note.
That application of those claims has been prevented by the de-

fendant's transfer of that note, and thereby compelling the plaintiff to pay the full amount due upon it, to an endorsee.   Under those circumstances, we think · the plaintiff is entitled to recover the amount he has paid on those taxes to the town of Royalton.   The court also properly instructed the jury that that arrangement was competent evidence of a direct recognition of his liability on that award, and will avoid any question arising under the statute of limitations.   The defendant having induced the plaintiff to give him his note on the Bosworth claims, under his promise that the award and the taxes should be settled and applied on the note, there is no propriety in his now being permitted to deny his liability on those matters.   We think, therefore, that the judgment of the county court must be affirmed.